35491.   BROOKE *v.* BOWERS *et al.*

Decided March 1, 1955.

*John R. Rogers, R. D. Smith,* for plaintiff in error.

*J. C. McDonald, J. W. McDonald,* contra.

CARLISLE, J. ■ Two of the four special grounds of the plaintiff's motion for a new trial assign error on the trial court's instructing the jury on the law of contributory negligence, when such negligence was not made an issue in the case in any manner whatsoever.

"While contributory negligence is an affirmative defense and must be pleaded unless affirmatively shown by the allegations of the petition (*Watts* v. *Colonial Stages Co.,* 45 *Ga. App.* 115, 119, 163 S. E. 523; *Woolworth Co.* v. *Wood,* 32 *Ga. App.* 575 (2), 124 S. E. 110; *Fuller* v. *Louis Steyerman & Sons, Inc.,* 46 *Ga. App.* 830 (2), 169 S. E. 508) ; and while there is no necessity that the plaintiff negative such negligence (*Hardwick* v. *Figgers,* 26 *Ga. App.* 494 (2), 106 S. E. 738; *Sims* v. *Martin,* 33 *Ga. App.* 486 (8), 126 S. E. 872; *Pollard* v. *Hagan,* 60 *Ga. App.* 581, 583, 4 S. E. 2d 477), yet, where the plaintiff nevertheless pleads the lack of contributory negligence, a denial of such allegations will raise the issue of such negligence. *Western & Atlantic Railroad* v. *Mathis,* 63 *Ga. App.* 172, 175 (10 S. E. 2d 457)." *Whatley* v. *Henry,* 65 *Ga. App.* 668, 675 (16 S. E. 2d 214). It has also been

said by the Supreme Court in *Kelly* v. *Locke,* 186 *Ga.* 620, 630 (198 S. E. 754), in discussing whether or not the issue of contributory negligence was raised by the pleadings, that, "under the defendants' general denial that their own negligence was the proximate cause of the [plaintiff's] injuries, it was permissible to show that the plaintiff's injuries were caused by anything else," and there was evidence in that case from which the jury was authorized to infer the plaintiff's contributory negligence. And the general rule stated in *Rocker* v. *DeLoach,* 178 *Ga.* 480 (173 S. E. 709), would seem to be equally applicable to the issue of contributory negligence: "A charge of the court, if based upon evidence admitted without objection, may be necessary, and is not necessarily erroneous, although in looking strictly to the pleadings there may be nothing in the pleadings with reference to the evidence actually adduced upon the trial. The test which may generally be applied is whether the pleading could have been so amended as to relate to the evidence introduced. During the trial of a case the pleadings can not be so amended as to set forth a new and distinct cause of action; but where the evidence introduced is pertinent to the issue on trial, and relates to the same subject matter and the same cause of action, so that the pleadings may be amended, he who would complain that the law as delivered by the court is not adjusted to the pleadings waives the right by failing to object to the introduction of the testimony when it is presented or by moving to rule it out if it has been already introduced."

In the present case, the plaintiff's contributory negligence was not pleaded, nor does it affirmatively appear from the allegations of the petition. The plaintiff, by none of her averments, sought to negative her husband's negligence; and, while, under the rule stated in *Kelly* v. *Locke,* supra, the issue of contributory negligence may be said to have been raised by the defendant's general denial of the plaintiff's allegations; and, while, under the rule stated in *Rocker* v. *DeLoach,* supra, a charge on contributory negligence would have been authorized had there been evidence of such negligence introduced upon the trial—under the view which we take of the evidence the issue of contributory negligence was not directly or inferentially raised. While the fact that it was the defendants' truck which struck the plaintiff's husband

depended entirely upon circumstantial evidence, that fact was readily inferable from all the evidence on the subject; and, when the plaintiff's testimony is coupled with the admissions of the defendants' driver, every material allegation of the plaintiff's petition was substantially established without the slightest intimation of negligence on the part of her husband. The trial court, consequently, erred in submitting the issue of contributory negligence to the jury. *Western & Atlantic R. Co.* v. *Branan,* 123 *Ga.* 692 (51 S. E. 650); *Central of Georgia Ry. Co.* v. *Keating,* 177 *Ga.* 345 (170 S. E. 493).

■ The alleged errors assigned in the two remaining special grounds of the motion for new trial, if error, are such as are not likely to recur on another trial, and neither those two special grounds nor the general grounds need be considered at this time.

The trial court erred in denying the motion for a new trial for the reasons stated in division 1 of this opinion.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*