36572. HARRIS *et al. v.* PRICE.

DECIDED APRIL 12, 1957.

*Claude V. Driver,* for plaintiffs in error.

*Murphy & Murphy,* contra.

GARDNER, P. J. 1. We will deal with the general grounds and special ground 1 together. It will be noted that the first count is based on gross negligence and the second count on ordinary care or simple negligence. The court submitted the case to the jury on both counts and instructed them that they could render a verdict on only one of the counts. The jury returned a verdict on count 2. The Court of Appeals held in *Nash* v. *Reed,* 81 *Ga. App.* 473 (1) (59 S. E. 2d 259): "An invited guest in or upon an automobile, to whom the owner or operator thereof owes the duty of exercising slight care for his safety, is one who is riding in or upon the automobile by invitation of the owner or operator solely for the guest's benefit, and not for the purpose of conferring any benefit upon his host." Headnote 2 of the same opinion reads: "An invitee in or upon an automobile, to whom the owner or operator thereof owes the duty of exercising ordinary care for his safety, is one whose presence in or upon the automobile is by invitation of the owner or operator for the purpose of conferring some substantial benefit upon his host, that is, something more than merely affording the host the pleasure of the guest's company." In arriving at this decision this court cited the following cases: *Holtsinger* v. *Scarborough,* 69 *Ga. App.* 117 (1, 2) (24 S. E. 2d 869), and *Atlantic Co.* v. *Taylor,* 80 *Ga. App.* 25, 30 (54 S. E. 2d 910). It is contended particularly in the case at bar that the plaintiff was a servant of the defendant. The evidence clearly reveals that the plaintiff was working for fifty cents per hour for the defendants and that she had finished her hours

of work and Mrs. Harris was taking her home. Count 2 alleged that the transportation of the plaintiff by the defendant to and from her work was a part of her compensation. The plaintiff testified that as a part of her compensation the defendant, her employer, was to transport her to and from work in bad weather or when she worked at night. Her employer, the defendant, testified that there was no such agreement, but she was taking her home from work because she had a cold and the weather was extremely cold. The jury adopted the plaintiff's evidence. The evidence authorizes the finding that the transportation of the plaintiff by Mrs. Harris engaged in at the time of the injury of the plaintiff was a part of her compensation as an employee and benefited the defendants as well as the plaintiff. If, under the facts of this case, the plaintiff was a servant of the defendants, we know of no law that would excuse the defendants from exercising ordinary care. In support of this contention counsel for the defendants call our attention to Code § 66-303 captioned: *"Assumption of Risks by Servants."* That Code section, as we construe it, is not applicable whatsoever to the facts in the instant case. See also *Atlanta & Birmingham Air Line Ry.* v. *McManus,* 1 *Ga. App.* 302 (8) (58 S. E. 258), and *Simowitz* v. *Register,* 60 *Ga. App.* 180 (3 S. E. 2d 231). The court did not err in denying the motion for new trial on the general grounds and special ground 1.

2. Special ground 2 assigns error on an excerpt from the charge of the court as follows: "I charge you that it is contended by the defendant, and I don't intimate what was proved or what was not proved, that is for you to determine, but it is contended by the defendant that the automobile of Mr. Hutcheson had entered the intersection prior to the time that Mrs. Harris, that is, the defendant in this case driving the panel truck, entered the highway, and if you should find that to be true, this rule which I have just given you would not apply. But that, gentlemen, is a matter entirely for you to determine from the evidence in the case, all the facts and circumstances." This special ground is incomplete because it assigns error because the court stated "this rule which I have just given you would not apply" without giving that part of the charge of the court which set out the rule

to which reference is made. This special ground is not considered by this court because the ground is incomplete within itself.

3. Special ground 3 assigns error on the failure of the court, without a request, to instruct the jury on the rulings of law contained in Code §§ 66-301 and 66-303. These sections have no application to the facts of this case. This special ground is not meritorious.

The court did not err in denying the motion for new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*