37822. PARKS *v.* FULLER, Administrator, *et al.*

Decided October 20, 1959.

*Saul Blau,* for plaintiff in error.

*Greene, Neely, Buckley & De Rieux, Hurt, Gaines, Baird, Peek & Peabody, Neal Baird,* contra.

CARLISLE, Judge, █ It is contended by the plaintiff in error that the allegations of count 2 of the petition and specifically

█

of paragraph 10 and paragraph 22 thereof brought the case, insofar as that count is concerned, within the rules announced in such cases as *Bailey* v. *Murray*, 88 *Ga. App.* 491 (77 S. E. 2d 103), and *Southern Gas Corp.* v. *Cowan*, 89 *Ga. App.* 810 (81 S. E. 2d 488), and *Harris* v. *Price*, 95 *Ga. App.* 521, 523 (98 S. E. 2d 118), in which cases it was held in effect that where an employer furnishes an employee an automobile for the employee's use in performing a part or all of his duties as incident to his employment with the employer, and also permits the employee to use the automobile, when not performing his duties, for his own personal pleasure and convenience, and when the employee is engaged in an activity incidental to his employment, even though there may be some element of such activity involving the employee's own personal pleasure or convenience, that the employer will be liable for injury negligently inflicted by the employee while so using the automobile. Count 2 of the petition in the instant case, however, does not allege such a case against the defendants here. Under the allegations of fact contained in the petition, it is clear that the use of the automobile by Arthur Goodman, Jr., at the time and place of the incident complained of in the petition in this case was purely and simply for his own personal pleasure and convenience. There are no allegations in the petition which would in any wise tend to show that he was at the time engaged in any duty incidental to his employment with the defendants. Accordingly, the cases relied on by the plaintiff in error are not in point. This case, insofar as this question is concerned, is like the cases of *Stenger* v. *Mitchell*, 70 *Ga. App.* 563 (28 S. E. 2d 885), and *Fambro* v. *Sparks*, 86 *Ga. App.* 726, 734 (3) (72 S. E. 2d 473), where the employee, while using an automobile furnished by his employer for his use in performing his duties with the employer and also for his own personal pleasure and convenience negligently inflicted injuries on a third person at a time when he was using it on strictly personal business. In those cases, it was held that no recovery could be had against the employer. Insofar as the allegations of count 2 of the petition in this case are concerned, they make a case like the latter cases and do not state a cause of action against the defendants, Bess W. Winecoff, and W. Frank Wine-

coff, or the G. S. W. Company. It follows that the trial court did not err in any of the rulings on demurrer complained of.

■ The trial judge charged the jury as follows: "Gentlemen, a further rule of law to which I call your attention as to the plaintiff, that is, Sarah Parks, that is, the deceased person in this case—The one who is alleged to be the wife of the plaintiff in this case—I charge you that Sarah Parks must have been in the exercise of ordinary care to protect herself against any negligence that may have occurred on the part of the defendants, or any of them; and ordinary care as applied to her has the same definition as that already given you in reference to Mr. and Mrs. Winecoff in this case, that is, that she must exercise the degree of care that an ordinarily prudent person would exercise under the same or similar circumstances.

"Gentlemen, if Sarah Parks, by the exercise of ordinary care, could have avoided the consequences to herself of the defendants' negligence, if there was such, then the plaintiff in this case would not be entitled to recover.

"Gentlemen, the duty imposed by law upon all persons to exercise ordinary care to avoid the consequences of another's negligence does not arise until the negligence of such other person is shown to be existent, and is either apparent or the circumstances are such that an ordinarily prudent person, under the same or similar circumstances, would have reason to apprehend such negligence, if such negligence was present. . . ."

It is contended in special grounds 1 and 2 that these portions of the charge were error because there was no evidence introduced which in any manner tended to show that the deceased, Sarah Parks, was in any way negligent, or that if she were, her negligence contributed in any way to her death, or that she assumed the risk of any injury or was aware of any negligence on the part of Goodman or the other defendants under such circumstances that she was afforded an opportunity to avoid such negligence. These contentions are meritorious. The plaintiff's case against the defendant Kennedy was based on the gross negligence of the deceased Arthur Goodman in operating the automobile at a speed in excess of 100 miles per hour and his failure to reduce speed in approaching and rounding a curve on the ex-

pressway. The plaintiff's case against the defendants Winecoff and G. S. W. Company was based on their alleged negligence in furnishing and continuing to furnish the deceased Arthur Goodman the automobile in question after they had knowledge that he was a dangerous, reckless, incompetent and careless driver. Insofar as the record is concerned, it is completely barren of any evidence as to what transpired among the five deceased persons for some two and a half or three hours prior to the incident which resulted in all their deaths. There is no evidence as to how, when, or under what circumstances Sarah Parks got into the automobile or how long she had been in the automobile, and there is no evidence that she had any opportunity to remove herself from the automobile after the negligence of the deceased Goodman became apparent to her, or that she had any knowledge as to Goodman's previous driving habits, such as that charged to the defendants Winecoff. Under these circumstances, there was absolutely no basis on which the jury could have made any finding as to Sarah Parks' contributory negligence, or as to her failure to exercise ordinary care to avoid the negligence of the various defendants or of her failure to exercise ordinary care to discover that negligence, nor was there any evidence that she voluntarily assumed a risk of injury to her person in the face of an obvious danger so as to make such assumption of risk a failure to exercise ordinary care. It follows that the portions of the charge complained of in special grounds 1 and 2 of the motion for a new trial were not authorized by the evidence, and the trial court erred in charging the jury as there complained of. See *Brooke* v. *Bowers,* 91 *Ga. App.* 543 (86 S. E. 2d 341), *Jackson* v. *Camp & Brown Produce Co.,* 92 *Ga. App.* 359, 362 (3) (88 S. E. 2d 540), and *Gleason* v. *Rhodes Center Pharmacy,* 94 *Ga. App.* 439 (1) (95 S. E. 2d 293).

■ Under the pleadings and the evidence in this case, it was necessary for the plaintiff to prove five facts in order to recover against Goodman's employers: First, that Arthur Goodman was a reckless and incompetent driver; second, that the defendants Winecoff had notice of that fact; third, that they furnished Goodman the automobile and permitted him to drive it at the time of the incident complained of here; fourth, that Arthur

Goodman was actually driving the automobile at the time of the occurrence; and fifth, that the death of the plaintiff's wife proximately resulted from Arthur Goodman's negligence at the time and place of the injury. Proof of all of these facts depended to a greater or lesser extent on circumstantial evidence introduced by the plaintiff. The defendant, however, introduced no evidence, and, in fact, none of the evidence of a circumstantial nature which might be said to have been favorable to the plaintiff's case was contradicted by any direct testimony as to any of these material facts. As to facts 1 and 2, the plaintiff introduced evidence that tended to show that on several occasions prior to this final fatal accident Arthur Goodman had been involved in collisions with other vehicles, and that he had on several other occasions been arrested for speeding and for other traffic violations, all of which occurrences were while he was driving the same Mercury automobile in which he and four passengers in the automobile met their deaths. On cross-examination, the defendants, Mrs. Bess W. Winecoff and Frank Winecoff, Jr., admitted that they had knowledge of at least some of these previous incidents. This evidence was clearly sufficient to authorize the jury to find that Arthur Goodman was in fact a dangerous, reckless and incompetent driver, and that the defendants Winecoff knew it. There was no direct evidence to the contrary.

Numerous witnesses testified that Arthur Goodman drove the particular 1951 Mercury involved in the accident in this case regularly and frequently, and apparently whenever he chose to do so, and that the defendants Winecoff knew of this fact in that they had seen him or been present on numerous occasions when he was in fact driving the automobile or was seen departing or arriving at their premises in the automobile under such circumstances that they were bound to have known of his use thereof. There was no direct evidence that the defendants Winecoff did not permit such regular and frequent use of the automobile by Goodman. While this evidence was circumstantial, it raised a strong inference that his driving the automobile was with their knowledge and consent, and the jury would have been authorized so to find. As to facts 3 and 4, likewise under these circumstances the jury would have been authorized to find that Arthur Good-

man was driving the automobile with the knowledge and consent of the defendants Winecoff on the particular fatal occasion here involved.

As to the fifth fact, witnesses who observed the automobile immediately prior to its collision with a bridge abutment, or pillar, on the northeast expressway testified that it was traveling at a speed in excess of 100 miles per hour, and this evidence alone was sufficient to authorize a finding that Goodman was grossly negligent under the circumstances.

The trial judge charged the jury at length and repetitiously on circumstantial evidence. Portions of the charge on this subject are excepted to in special grounds 3, 4, 5, and 6 of the motion for new trial. These portions are as follows: Ground 3. "I charge you that if two equally consistent theories are supported by the evidence, it cannot be said that the evidence preponderated to the one rather than to the other.

"Where from same proof there are two or more plausible explanations on theories of causation as to how the event happened, or what produced it, and where evidence is without selective application to any one of them, they remain conjectures only, and findings of fact based on conjectures merely cannot be upheld. If you find in this case that in order to make findings of fact on any of the issues submitted to you it is necessary that you base such findings on conjecture, I charge you this would be unlawful.

"I charge you that facts which are consistent with either of two opposing theories prove nothing. So where the evidence tends equally to sustain two inconsistent propositions, neither can be said to have been established by legitimate proof.

"In this connection, I charge you that if you find that the circumstances put in evidence are such as to sustain equally the proposition that one Goodman was driving the automobile of defendant Winecoff or was not driving the automobile of defendant Winecoff, then in that event neither could be said to have been established by legitimate proof, and it would be your duty to return a verdict for the defendant."

Ground 4. "If evidence, therefore, is dependent entirely upon guess or speculation, it is insufficient to support a verdict. In

this connection, I charge you that if it is necessary for you to guess or speculate in order to reach a conclusion as to whether one Goodman was or was not driving the automobile belonging to defendants Winecoff . . . then in that event the evidence upon which such speculation was based would not be sufficient to support a verdict in favor of the plaintiff, and it would be your duty to return a verdict in favor of the defendants Winecoff."

Ground 5. "I charge you, Gentlemen, that if it has not been shown to your satisfaction by a preponderance of the evidence who was driving the automobile in which plaintiff's deceased wife was riding, but this remains a mystery to you, then in that event there could be no recovery by the plaintiff, and it would be your duty to return a verdict in favor of the defendants.

"I charge you that if you believe from the evidence that the fact as to who was driving the car of the defendant Mrs. Bess W. Winecoff at the time of the accident under investigation, cannot be determined, but that it is a matter of speculation or conjecture, then in that event you would not be authorized to find against the defendants, and it would be your duty to return a verdict in favor of the defendants, it being necessary for the plaintiff to show, by a legal preponderance of the evidence, under the rules given you in charge—was being driven by said Goodman, in order for the plaintiff to recover against either the defendant W. P. Kennedy, administrator of the estate of said Goodman, or against the defendants Winecoff.

"In this connection, I charge you that the law does not permit you to speculate or guess as to any fact contended for by the plaintiff, but such fact must be proved in accordance with the law as given you in charge, and in the absence of such proof plaintiff's case would fail."

Ground 6. "I charge you that a fact cannot be established by circumstantial evidence which is perfectly consistent with direct, uncontradicted, reasonable and unimpeached testimony that the fact does not exist. In other words, when a plaintiff's right to recover depends upon the establishment of a particular fact, and the only proof offered for this purpose is circumstantial evidence from which the existence of such fact might be inferred, but which does not demand a finding to that effect, a recovery

by the plaintiff is not lawful, when, by the positive and un-contradicted testimony of unimpeached witnesses, which is per-fectly consistent with the circumstantial evidence relied on by the plaintiff, it is affirmatively shown that no such fact existed."

All of these charges are assigned as error on the ground that they were contrary to law, not adjusted to the evidence, and unreasonably and unnecessarily expressed an opinion in that they indicated to the jury that there was some evidence of the plain-tiff that had been successfully contradicted, and that the charge as a whole unduly, excessively and illegally emphasized the de-fendants' contention that the plaintiff's case was based on con-jecture, speculation and guess.

Portions of the charge in this case clearly were subject to the criticisms leveled at them in these grounds of the motion. It was proper for the court under the circumstances of this case to in-clude in his instruction to the jury a charge on circumstantial evidence. _Hatcher v. Bray, 88 Ga. App. 344, 346 (3) (77 S. E. 2d 64). However, such charge should have been couched in language that did not express or intimate an opinion as to facts which had been proved or as to the manner in which proof of particular facts had been established, and did not constitute an argument of the case in accordance with the contentions of one of the parties, or in such language as to unduly stress the im-portance of the contentions of one of the parties. Cody v. First Nat. Bank, 103 Ga. 789, 794 (7) (30 S. E. 281); Smith v. Hazle-hurst, 122 Ga. 786, 788 (50 S. E. 917); Macon Ry &c. Co. v. Vining, 123 Ga. 770 (3) (51 S. E. 719). The portions of the charge complained of in these four special grounds of the motion for a new trial were all subject to the criticisms leveled at them in these grounds.

In the instant case in addition to instructing the jury as to the definition of circumstantial evidence it would have been suffi-cient for the court to have charged the jury as follows: "If you find, under the law which I have given you in charge, that the right of the plaintiff to have a verdict in this case is dependent upon the existence of a particular fact, or facts, and if you further find that proof of such fact, or facts, rests solely on circumstantial evidence, before you would be authorized to return

a verdict for the plaintiff you must find that such evidence reasonably establishes the existence of that fact, or those facts, and that it preponderates to the theory that such fact, or facts, exists rather than to any reasonable hypothesis that it or they do not exist." *Georgia Ry &c. Co.* v. *Harris,* 1 *Ga. App.* 714 (57 S. E. 1076) ; *Penn Mut. Life Ins. Co.* v. *Blount,* 39 *Ga. App.* 429, 442 (147 S. E. 768). It follows that the trial judge erred in charging the jury as complained of in special grounds 3, 4, 5 and 6 and in thereafter overruling those grounds of the motion.

■ The plaintiff introduced a certified copy of Arthur Goodman's driver's license record "for the purpose of showing the reckless nature of this defendant in driving the Mercury automobile." This document showed the record of the arrest and conviction of the said Arthur Goodman on two previous occasions. This document was admitted by the court without any objections on the part of the defendants, and in charging the jury the court instructed them as follows: "Gentlemen, I charge you, with respect to plaintiff's Exhibit No. 20, to wit, the copy of the driver license record of the Georgia State Patrol, it is admitted purely as a public record, and may not be considered by you as proof of anything contained therein." It is contended in special ground 7 of the motion for a new trial that this charge was erroneous in that it was contrary to law and instructed the jury to disregard the contents of the said paper when it constituted valid proof of the facts shown therein.

Under the provisions of the act approved March 19, 1937 (Ga. L. 1937, p. 322, et seq.; Code, Ann., Ch. 92A-4), the Department of Public Safety is authorized and empowered to issue driver's licenses, to refuse to issue them, and after they have been issued, to suspend, revoke or cancel them, and to maintain a record in its office of its acts in these regards. The clerks of the superior courts are further authorized and directed to furnish to the Department of Public Safety a report of each case involving an offense under the provisions of that chapter, and the Director of the Department of Public Safety is empowered to suspend or revoke the license of any operator upon receiving a record of his conviction of certain offenses. A properly authenticated copy of the records from the Department of Public Safety

would seem to constitute the highest and best evidence of the official action taken by that department in this regard. As such, a document of that nature would be admissible in proof of the issuance of the license or in proof of its suspension or revocation by the Department of Public Safety pursuant to the performance by the officials of that department of their public duty. Such a document, however, would not be the highest and best evidence of the conviction of a crime or misdemeanor of a person whose name appeared thereon, inasmuch as the records of the court wherein such a conviction was had would be the highest and best evidence of that fact.

It is not apparent from this ground of the motion of what the document in question consisted. It is merely described therein as a certified copy of Arthur Goodman's driver's license record, but this ground does show that it contained a record of the arrests and convictions of the said Arthur Goodman. It was not admissible for the purpose of proving those facts. This ground does not allege that the document showed that the license had been suspended or revoked, and since the only other fact which it may be assumed to have shown was the fact of the issuance of the license, and since that fact was not in issue, or the exclusion of proof thereof would not have been harmful to the plaintiff, this ground of the motion fails to show harmful or reversible error on the part of the court in so charging the jury.

■ It has many times been held by this court and by the Supreme Court that language employed by the appellate courts in their opinions is not always appropriate for use by the trial court in charging the jury. The trial court charged the jury with regard to expert testimony instructing them that they were not bound by such testimony but that they could receive and consider it along with all the other evidence in the case, but that it was not conclusive or controlling but was submitted to them only for what they thought it was worth; and, that the jury might disregard the opinion of experts entirely. "I charge you that an expert may aid the jury, but cannot perform the functions of a juror and, under the guise of giving testimony, state legal conclusions." The quoted portion of this charge is assigned as error in special ground 8 on the ground that it is contrary to

law, that it was not proper for the court to charge this as a rule of evidence, that it intimated to the jury that all other testimony of such experts might be legal conclusions which the jury could not consider. The portion of the charge thus excepted to when read in its context is not necessarily subject to the interpretation sought to be placed thereon by the movant. Nevertheless, the use of the language employed by the court in all of its charge, some of which is not excepted to, is perhaps inapt and subject to the criticism that it is argumentative and unduly stresses the contentions of the defendants. Accordingly, it would have been better had the court limited its charge on the subject of testimony by expert witnesses to the following language: "Evidence has been adduced before you by witnesses termed experts, and I instruct you, in this connection, that, while in cases such as the one now being tried the law receives the evidence of men expert in certain lines as to their opinions derived from their knowledge of particular matters, the ultimate weight which is to be given to the testimony of expert witnesses is a question to be determined by the jury. In other words, the testimony of an expert, like that of any other witness, is to be received by you and given such weight as you think it is properly entitled to; but you are not bound or concluded by the testimony of any witnesses, expert or otherwise." *Georgia Power Co.* v. *Chapman*, 46 *Ga. App.* 582, 584 (168 S. E. 131).

Accordingly, this ground of the motion for new trial does not show harmful or reversible error.

■ The plaintiff sought to recover from the defendant William P. Kennedy as administrator of the estate of Arthur Goodman on account of the gross negligence of Arthur Goodman in the operation of the automobile at the time and place in question, plaintiff's wife having been alleged to have been a gratuitous invited guest in the automobile. The case against the Winecoffs and the G. S. W. Company was based on the ordinary negligence of those defendants in furnishing to Arthur Goodman the automobile while they knew he was an incompetent driver. The trial court overruled demurrers to count 1 and there is no exception before this court to that judgment. It is, accordingly, the law of the case that count 1 of the petition set forth a cause of action.

476

Under the allegations of the petition, the liability of the latter defendants was not dependent upon proof that Arthur Goodman was *grossly* negligent. It would have been sufficient to sustain a case against these defendants had the jury found merely that the plaintiff's wife was killed as the proximate result of Arthur Goodman's incompetent handling of the automobile. *Burks* v. *Green,* 85 *Ga. App.* 327, 329 (69 S. E. 2d 686) ; *Garver* v. *Smith,* 90 *Ga. App.* 892, 896 (2) (84 S. E. 2d 693). Accordingly, the jury might have found that the death of the plaintiff's wife resulted from the reckless and incompetent driving of Arthur Goodman though it amounted to less than gross negligence and thus have been authorized to have found against the defendants Winecoff and the G. S. W. Company but not against Kennedy. Accordingly, the trial court erred in instructing the jury without qualification, that if they found in favor of the defendant Kennedy, they must also find in favor of the defendants Winecoff and the G. S. W. Company.

■ As we have stated above, there was evidence from which the jury would have been authorized to find that Arthur Goodman was operating the automobile at the time and place in question, that is, on the so-called northeast leg of the Atlanta expressway, a heavily traveled traffic artery whereon the speed limit has been fixed at 50 miles an hour, at a speed in excess of 100 miles an hour. The physical facts and evidence regarding the damage done the automobile, its literally complete destruction and the horribly mangling injuries suffered by Goodman and the other occupants thereof as the result of its colliding with a concrete pillar supporting a bridge over the expressway, was certainly sufficient to authorize the finding that the driver of the automobile was guilty of gross negligence at the time and place in question, and to authorize a finding against the representative of the driver. The physical facts and circumstances of the injuries, the fact that the body of Arthur Goodman was apparently the most severely mangled of any; that his shoe was found wedged under the brake pedal of the automobile, and that apparently the point of impact was on the left front side of the automobile, which would have naturally resulted in the injuries of the driver thereof being more severe

perhaps than the others, the fact that Arthur Goodman's body was found on the pavement within a few feet of the pillar which the automobile struck after knocking down a fence dividing the lanes of the expressway at that point, while the other bodies were scattered at greater and varying distances from the point of such impact when taken in consideration with the testimony of the police officers who investigated the accident at the scene and who testified that in their opinion Arthur Goodman was the driver, notwithstanding that they admitted on cross-examination that they could not *positively* say that he was the driver, would have at least authorized the jury to find that he was. The plaintiff's case was not wholly based on guess or speculation, but there was competent circumstantial evidence which would have authorized a jury finding in his favor against all of the defendants. The evidence was at least sufficient to authorize the jury to find that the plaintiff proved his case as alleged. Accordingly, we cannot say that the evidence demanded the verdict found by the jury or that the errors in the charge were of no consequence.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*