## 38035. DONALD v. FULTON COUNTY.

DECIDED FEBRUARY 5, 1960.

*N. Forrest Montet,* for plaintiff in error.
*Harold Sheats, Martin H. Peabody,* contra.

FELTON, Chief Judge. ■ The general grounds of the motion for a new trial have been expressly abandoned. The one special ground of the amended motion assigns error on the following instructions in the court's charge: "And the measure of consequential damages, if any, for the part of the lot not taken, where there are either benefits or damages involved, or both, is the difference between the market value of the land not taken before the strip is taken off and the benefits made and the market value of the remainder of the land after the strip of land is taken off and improvements made, that is, if the market value of the residue before the improvements is equal to or less than the market value of the residue after the improvements, there can be no recovery for consequential damages to the resi-

due. But if the market value of the residue before the improvements is greater than the market value of the residue after the improvements, there should be a recovery, and the amount therefore is the difference between the market value of the residue before and after taking. The owner of the land actually taken is entitled, irrespective of any damages to the residue, to the actual value of the land taken." It is contended that this instruction placed before the jury the issue of benefits, if any, to the property not being condemned, which issue had been eliminated from the case by a pretrial stipulation and which was not raised by the pleadings or by the evidence.

No brief of evidence is contained in the record before this court. The special ground of the amended motion for a new trial states the following: "Movant further contends that at the trial of this case no attempt was made to prove any benefits to the remainder of the property not being condemned." The order of the court allowing the amendment to the motion for a new trial states: "The recitals of fact therein contained are hereby certified as true and correct. It is certified that the assignment of error set forth in the amended motion for a new trial does not require the consideration by the court of the evidence in the case." The language of this order is tantamount to a certificate by the trial judge that the issue of consequential benefits was not raised by the evidence at the trial. The contention of the movant to this effect is therefore taken as a true statement of fact and the merits of the ruling on this ground may be considered in the absence of a brief of evidence. Cf. *Gulick* v. *Mulcahy*, 95 *Ga. App.* 158 (97 S. E. 2d 362).

■ The instructions complained of in this ground inform the jury that the measure of consequential damages is the difference between the market value of the residue before the taking and its market value "after the strip of land is taken off and improvements made." The court had previously charged that in determining the market value "all the capabilities of the property and all the uses to which it may be applied or for which it is adapted are to be considered." It is plain that these instructions authorized the jury to consider consequential benefits in arriving at market value of the property not taken. In the

absence of any evidence that there will be any consequential benefits to that portion of the land not taken it is error for the court to charge the jury on the question of consequential benefits. *Stanfield* v. *State Highway Dept.*, 95 *Ga. App.* 452 (98 S. E. 2d 40). Accordingly the court erred in giving the instructions complained of and in failing to grant a new trial on this ground.

*Judgment reversed. Quillian and Nichols, JJ., concur.*