39473.   BEADLES et al. v. BOWEN.

DECIDED APRIL 25, 1962—REHEARING DENIED MAY 16, 1962.

*Larry E. Pedrick, John W. Bennett, Bennett, Pedrick & Bennett,* for plaintiffs in error.

*Memory, Barnes & Memory, S. F. Memory, Jr.,* contra.

EBERHARDT, Judge. This is a case arising out of the same facts as those in *Beadles v. Smith,* ante, and a complete statement of the factual situation may be found there. However, the plaintiff here is the widow of the guest passenger in the car involved. The defendants' general demurrer was overruled and the case proceeded to trial, resulting in a verdict for the plaintiff for $40,000. Defendants moved for a judgment n.o.v. and a new trial on general and special grounds. Both motions were denied.

■ Headnote 1 requires no elaboration.

■ If, as we held in *Beadles v. Smith,* ante, the evidence did not demand a verdict against the driver of the death car on the ground of contributory negligence, then it must follow that a verdict would not be demanded against the guest. On the same basis, the general grounds of the motion for new trial are not meritorious.

■■ Special ground 8 of the motion for new trial is that the court erred in charging the provisions of *Code Ann.* § 68-1668(a) (Ga. L. 1953, Nov. Sess., p. 597). As was held in Division 5 of the opinion in *Beadles v. Smith,* ante, any violation of this statute was a factual question to be determined by the jury.

■ Special ground 9 complains of charges on *Code Ann.* §§ 68-1710(b) and 68-1705(b) because the defendants' truck was not shown to be on "that portion of the highway improved, designed, or ordinarily used for vehicular traffic" as provided in *Code Ann.* § 68-1504(1c). The charge was authorized under the pleadings and the evidence. *Beadles v. Smith,* ante, Divisions 2 and 4.

■ All but one of the remaining special grounds relate to the decedent's alleged contributory or comparative negligence and will be considered together. *Beadles v. Smith,* ante, was reversed for the failure of the trial court to charge on this issue as to the host driver. But we are here dealing with the guest

passenger and the previous ruling and discussion on this point are, for reasons following, inapplicable. Defendants contend that the court erred in failing to charge, without request, that the plaintiff could not recover: (a) if the death of the deceased resulted from his own negligence (ground 4), (b) if the deceased could have avoided the consequences of the defendants' negligence by the exercise of ordinary care (ground 5), and (c) if the negligence of the deceased equaled or exceeded that of the defendants (ground 6). Also, a general charge on the care a guest is required to exercise for his own safety is said to be erroneous and incomplete, although again no request to charge was made. (Ground 7).

It is well settled that the trial court must charge all the issues in a case, even in the absence of any written request. E.g., *Beadles v. Smith*, ante, Division 7 and citations. The issue of failure of the decedent to exercise ordinary care was made by the pleadings in that the defendants affirmatively made this one of their defenses. However, an issue must be made by both the pleading *and* the evidence (*Hardwick v. Georgia Power C*o., 100 Ga. App. 38 (5), 110 SE2d 24), and it is error to charge on an issue made by the pleadings where there is no evidence in support thereof. *Western &c. R. Co. v. Branan,* 123 Ga. 692 (3) (51 SE 650); *Donald v. Fulton County,* 101 Ga. App. 198 (2) (112 SE2d 829); *Dennard v. Styles,* 101 Ga. App. 459 (4) (114 SE2d 317). Specifically, it is error to charge on contributory or comparative negligence when there is no evidence of such negligence. *Brooke v. Bower*s, 91 Ga. App. 543 (1) (86 SE2d 341); *Parks v. Fuller,* 100 Ga. App. 463, 467 (2) (11 SE2d 755); *Bentley v. Buice,* 102 Ga. App. 101, 105 (2) (115 SE2d 706); *Sellers v. White,* 104 Ga. App. 148 (1) (121 SE2d 385) and citations. Furthermore, when the defendants pled contributory negligence as an affirmative defense in the case sub judice, they had the burden of proving it and to do so they must come forward with some evidence. *Stewart v. Mynatt,* 135 Ga. 637 (2) (70 SE 325); *McCrackin v. McKinney,* 52 Ga. App. 519 (2) (183 SE 831); *Employers Liab. ,&c. Corp. v. Sheftall,* 97 Ga. App. 398 (1) (103 SE2d 143). Obviously, since both of the occupants of the car were killed, there were no eyewitnesses and

there was no testimony as to the conduct of the host or of the guest at any time proximate the time of the impact, the defendants had a very difficult burden albeit one which they assumed and must carry. All of the circumstantial evidence of the wreck is clearly not sufficient to carry that burden, for the evidence is as consistent with the decedent having exercised due care as it is with his having been contributorily negligent. *Healan v. Powell,* 91 Ga. App. 787 (3), 794 (87 SE2d 332), and *Parks v. Fuller,* 100 Ga. App. 463 (2), 467, supra, present similar factual situations and sustain this view.

The failure of the defendants to carry this burden of proof would be enough to justify the trial judge's omission of the specified charges. However, in a factual situation such as this, the presumption that every person has done his duty can be utilized for further support. "Negligence or breach of duty is not to be anticipated, but *until the contrary is shown* it is to be presumed that every man obeys the mandates of the law and performs all of his social and official duties." (Emphasis added.) *Beavers v. LeSueur,* 188 Ga. 393, 403 (3) (3 SE2d 667). Accord: *Truluck v. Peeples,* 1 Ga. 3, 5; *English v. Poole,* 31 Ga. App. 581 (4) (121 SE 589); *Suddath v. Blanchard & Calhoun,* 39 Ga. App. 262 (2) (146 SE 798); *Georgia Cas. Co. v. McRitchie,* 45 Ga. App. 697 (3) (166 SE 49); *Knight Drug Co. v. Naismith,* 73 Ga. App. 793, 796 (38 SE2d 87); *Clements v. Hollingsworth,* 205 Ga. 153 (5) (52 SE2d 465); *Central Truckaway System v. Harrigan,* 79 Ga. App. 117, 127 (7) (53 SE2d 186). Again, the burden of proof is on the defendants to overcome this presumption by some evidence. *Bartow Guano Co. v. Adair,* 29 Ga. App. 644 (3) (116 SE 342).

If it be said, as defendants argue, that plaintiff's husband should have warned the driver that he was driving at an excessive speed, or that he was approaching the parked lumber truck and should continue on the paved highway to the left of it in order to avoid striking it, or that he should have taken any other step calculated to prevent the impending collision with the truck, there is no evidence in the record that he did not do so, and we must presume that in fact he did.

Defendants having failed to carry the burden in either respect,

it was not error for the trial judge to fail to charge on the issue of contributory negligence (grounds 4, 5, 6). This ruling also controls the contention that the charge given was erroneous and incomplete (ground 7) in that there was no necessity to give the charge at all. Since a charge was given, it could but have been beneficial to the defendants.

Defendants urge strenuously that *Sarman v. Seaboard Air-Line R. Co.*, 33 Ga. App. 315 (125 SE 891) is controlling on the proposition that the issue of contributory negligence in a situation such as here must be submitted to the jury. However, as is intimated in headnote 4(a), which intimation is confirmed on examination of the original record in the case, the plaintiff there requested a charge on contributory negligence which was substantially the same as that actually given. The court's ruling merely stands for the proposition that the plaintiff cannot request a charge and later complain if one substantially like it was given. Even if this were not true, the rule in *Sarman* is a harsh one and we would not be inclined to extend it beyond its facts. The following cases relied on by the defendants are distinguishable in that there was evidence offered relating to the conduct of host and guest, thereby supporting the defense of contributory negligence. *Crandall v. Sammons*, 62 Ga. App. 1 (7 SE2d 575); *Hatcher v. Bray*, 88 Ga. App. 344 (77 SE2d 64).

It is elementary that the negligence of a host driver is not imputable to the guest, unless the guest had some right, or was under some duty, to control the driver's conduct. *Roach v. Western &c. R. Co.*, 93 Ga. 785 (4) (21 SE 67).

■ Ground 10 urges error on a number of grounds in charging *Code Ann.* § 68-1670(a7) (Ga. L. 1953, Nov. Sess., p. 598) which provides "No person shall stop, stand, or park a vehicle . . . in any of the following places: (7) Within 30 feet *upon the approach to* [a] . . . stop sign . . . located at the side of a roadway." (Emphasis added). The court charged ". . . that the Traffic Act that I have referred to further provides that it is unlawful for any person to park a vehicle within thirty feet of a stop sign erected by the State Highway Department of Georgia," and "If you should find by

a preponderance of the evidence . . . that the vehicle was parked within thirty feet of a stop sign . . . said driver would be guilty of negligence in violating such provision of the traffic laws, and if you should further find that such negligence was a proximate cause of the death of the plaintiff's husband . . . plaintiff would be entitled to recover damages from the defendant."

■ Several of the grounds urged as error in the giving of this charge contend that the charge was unauthorized by the pleadings and the evidence, and argue the question of proximate cause. We disagree. The charge was authorized by the pleadings and the evidence, and the matter of proximate cause was for the jury. Paragraph 11 of the petition alleges that defendants' truck was so parked "that the view of a driver traveling south on Highway 158 [as plaintiff's husband was doing] of said stop sign was completely obscured by said vehicle which was parked south of the sign." A State patrolman, who made an investigation of the accident shortly after it occurred, testified that the truck and trailer were parked within less than 30 feet of the stop sign. The driver of the truck testified that he had parked the truck within fifteen feet of the sign. A witness who lived near the place where the accident occurred testified that there had been only one stop sign at the intersection and that it faced traffic approaching from the south on Highway 158. Photographs were introduced in evidence, some taken on the night of the accident and others the following day. They were taken from various angles, some of which showed the sign not to have been obscured, though one showed it to have been partially so. The photographs also showed that as Highway 158 approached the intersection it curved. All witnesses whose testimony related to the stop sign placed the truck and trailer to the left of it, or between the sign and Highway 158, and the photographs show it to have been to the south of the sign location as well as to the left. The jury was thus authorized to find that as a car approached the intersection from the north on Highway 158 the driver's view of the stop sign was, from some angles at least, obscured.

■ The remaining grounds complain that the court failed

to charge the portion of the statute italicized above (i.e., "upon the approach to"), it being argued that the charge as given would have authorized the jury to find the defendants' negligent if the truck was parked thirty feet from the stop sign in any direction.

The purpose and intent of *Code* § 68-1670(a7) is to prohibit the parking of a vehicle at a place where it may obscure the view of a stop sign to approaching traffic so that the driver of an approaching vehicle, seeing the sign, may have opportunity to take appropriate precautions in bringing his vehicle under control when it arrives at the intersection. Accordingly, the word "approach," as used in this section means a part of the highway system, or right of way, within 30 feet of a stop sign and in a position where a parked vehicle thereon may obscure the sign from approaching traffic.

Thus the situation is one where a statutory provision has not been fully charged but the pleadings and evidence show a violation of the provision. Was the failure literally to charge the statute harmful to the defendant?

A similar situation arises where the court charges more of a Code section than is applicable, in which case it "is not ground for reversal unless it appears that the inapplicable portion thereof was calculated to mislead or erroneously affect the jury. . ." *Smith v. Payne*, 85 Ga. App. 693 (6) (70 SE2d 163); *Brock v. Avery Co.*, 99 Ga. App. 881 (6), 886 (110 SE2d 122). The rule is the same where there is an omission of a portion of a Code section. *Hawkins v. Benton Rapid Exp.*, 82 Ga. App. 819 (7), 830 (62 SE2d 612); *Yellow Cab Co. v. McCullers*, 98 Ga. App. 601 (2) (106 SE2d 535); *Southern R. System v. Yancey*, 102 Ga. App. 159 (3) (115 SE2d 693). In both situations, the test is whether the jury would be misled or confused. If not, the error is harmless.

We do not think that the jury could have been misled or confused by the failure of the court to add to the charge that a violation of the statute could occur only if the truck was parked *on the approach* to the stop sign. Under the evidence and pleadings, the jury was authorized to find that the statute was violated and the inadvertence of the court in omitting a

portion of the statute was harmless. The jury must be given credit for ordinary intelligence. They could not have understood the charge as having application to any facts other than those disclosed by the evidence. *Underwood v. Atlanta &c. R. Co.*, 105 Ga. App. 340, 357 (6) (124 SE2d 758). *Williams Bros. Grocery Co. v. Blanton,* 105 Ga. App. 314, 320 (5) (124 SE2d 479).

Moreover, the defendants cannot complain of an error the correction of which would not have benefited them. We think that, as applied to the facts here, the effect of the charge, if corrected, would have remained the same. If it had appeared from the evidence that the defendants' truck was parked other than upon the "approach" to the stop sign we should be confronted with a different problem.

*Judgment affirmed. Carlisle, P. J., and Russell, J., concur.*