39407. McWILLIAMS v. GILLESPIE *et al.*

DECIDED MAY 10, 1962.

*Haas, Holland & Zinkow, Richard C. Freeman,* for plaintiff in error.

*T. J. Long, Ben Weinberg, Jr.,* contra.

HALL, Judge. 1. In this case the plaintiff (plaintiff in error) assigns error on the trial court's overruling of the general and special grounds of his motion for new trial. There was a verdict for the defendants (defendants in error) on the trial of plaintiff's suit for damages for personal injuries allegedly caused by the defendants' negligence when the plaintiff was hit by an automobile, owned and maintained for family purposes by the defendant husband and driven by the defendant wife, in a marked pedestrian crosswalk in the City of Atlanta. The plaintiff contended that a city ordinance and a State statute (Code of the City of Atlanta, 1953, § 30.163; *Ga. Code Ann.* § 68-1656) governing pedestrian crosswalks where there is no traffic signal were applicable. The defendants contended that a city ordinance and State

statute (Code of the City of Atlanta of 1953, § 30.74 et seq; *Ga. Code Ann.* § 68-1613) governing crosswalks at intersections where there is a traffic signal were applicable.

Ground 5 of plaintiff's motion for new trial complains that the court, after reading to the jury the ordinance and statute relied on by the defendant, charged: "The defendants claim that the plaintiff violated that ordinance and that statute. The plaintiff on the other hand contends that he did not violate either the ordinance or the statute, *but was complying with them.*" Ground 6 complains that the court charged the jury further that if they found from the evidence that the plaintiff did violate that city ordinance and statute, he would be guilty of negligence as a matter of law.

The plaintiff contended at the trial, by a written request for a charge to the jury, and on this appeal (in Ground 6 of his motion for new trial) that the evidence put into issue for determination by the jury the question whether the crosswalk at which the plaintiff was injured was at an intersection, as defined by law, or was an uncontrolled crosswalk. It can be implied from this contention that the plaintiff contended that, in the event the jury should first find that the crosswalk was at an intersection and controlled by a traffic signal, he was complying with the applicable ordinance and statute. Certainly the contrary would not be implied. The plaintiff therefore is in no position to complain of the charges that are the basis of Grounds 5 and 6. *New York Life Ins. Co. v. Tarbutton,* 45 Ga. App. 97, 100 (163 SE 229). Accord *Howard v. State,* 115 Ga. 244, 256 (41 SE 654).

Furthermore, viewing the charge as a whole, which contained the plaintiff's request to charge mentioned above, and which set out explicitly and fully plaintiff's contention that the law for uncontrolled crosswalks was applicable, the charge complained of did not, as argued by the plaintiff, remove from the jury's consideration this contention of the plaintiff nor the factual issue dealt with in plaintiff's request to charge.

Grounds 5 and 6, therefore, show no error.

2. Special ground 4 complains that the court, prejudicially to the plaintiff, in its charge misstated a contention of the defend-

ant which was unsupported by any evidence, in that after reading to the jury the provisions of the city ordinance and the State statute relied on by the plaintiff, stated that "in subparagraphs A and B of his specifications of negligence, the plaintiff contends that Mrs. Gillespie violated both the city ordinance and the State statute. The defendants, on the other hand, contend, however, that they did not violate said city ordinance or State statute, *but were complying therewith.*"

The defendant's answer denied all of plaintiff's specifications of negligence; the denial is sufficient to cover a contention that the defendant was complying with the ordinance and statute, in the event they were found by the jury to be applicable. Following the charge complained of the court charged the law in the event the facts were found favorable to the plaintiff, but did not charge the law in the event the facts were found favorable to the defendant. It is not error for the trial judge to state to the jury the contentions of the parties as contained in their pleadings, although some of them are not supported by any evidence. *Bray v. C.I.T. Corp.*, 51 Ga. App. 196 (179 SE 925). The charge complained of was not error or harmful to the plaintiff.

3. Ground 7 complains that the court's charge: " . . . if the plaintiff could by the exercise of ordinary care have avoided the consequences to himself of the defendant's negligence, if there was such, then he would not be entitled to recover in this case. . . [which duty] does not arise until the injured party knew or in the exercise of ordinary care ought to have known of the negligence or such negligence was apparent or by the exercise of ordinary care should have been apparent, if negligence there was." If the jury determined that the crosswalk was controlled by a traffic signal, which issue was submitted to it, and that the plaintiff was crossing in violation of the signal, the jury would have been authorized to find from the evidence that the defendant's negligence, if any, should have been apprehended by the plaintiff and that he failed to exercise ordinary care to avoid its consequences. In such a situation the law would require the plaintiff to be on the lookout for any manner of negligence by drivers having the right of way. *Central R. &*

*Bkg. Co. v. Smith,* 78 Ga. 694, 700 (3 SE 397); *Kelley v. Hines,* 25 Ga. App. 186, 187 (102 SE 921); *Anderson v. Williams,* 95 Ga. App. 684, 686 (98 SE2d 579). Accord *Southern Bell Tel. &c. Co. v. Bailey,* 81 Ga. App. 20, 25 (57 SE2d 837); *Collins v. Augusta-Aiken R. &c. Corp.,* 13 Ga. App. 124, 128-129 (78 SE 944). The evidence that the stopped truck obstructed plaintiff's view of the next lane of traffic, and that the plaintiff stepped out from in front of it and immediately collided with defendants' car, authorized a finding that the plaintiff failed to exercise ordinary care to avoid the consequences of any negligence of the defendant, which should have been apprehended by plaintiff in the circumstances just mentioned. Ground 7 shows no error.

4. In support of the general grounds the plaintiff argues that the evidence is undisputed that the crosswalk where he was injured was not at an intersection and was uncontrolled, and that the defendant violated the law governing uncontrolled crosswalks; and this being true as a matter of law the verdict was not authorized by the evidence. As we stated in Division 1, the plaintiff took the position at the trial that there was an issue to be submitted to the jury whether the crosswalk was controlled by a traffic signal or not. Therefore the general grounds are without merit. *Thompson v. State,* 20 Ga. App. 176, 177 (92 SE 959); *Hopkins v. State,* 119 Ga. 569 (46 SE 835); *Partee v. State,* 19 Ga. App. 752, 757 (92 SE 306).

The trial court did not err in overruling the general and special grounds of the motion for new trial.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*