40267.   DAVIS v. LAIRD.

Decided November 1, 1963—Judgment adhered to
December 5, 1963.

*Bradford & Maddox, Linwood A. Maddox, Kermit C. Bradford,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, B. Hugh Burgess, C. B. Rogers,* contra.

FELTON, Chief Judge. ■ As to the general grounds of the motion for a new trial, the verdict for the defendant was supported by the following evidence: the pickup truck in front of the plaintiff's vehicle pulled off the highway on the right-hand side, then, without warning, pulled partially back onto the road, parallelling the automobile with its left-hand wheels just on the pavement for a short distance; the vehicles were in a line of traffic moving about 40 m.p.h. in a 45 m.p.h. speed zone; there was oncoming traffic in the opposite lane of the two-lane highway; the vehicles had just topped a hill and rounded a curve; the plaintiff's son-in-law honked his horn and applied his brakes upon seeing the truck pull back onto the pavement and that he was struck from behind by the defendant's automobile just as he had passed the slowly moving truck to his right; the defendant testified that he was maintaining the same speed (about 40 m.p.h.) and interval (1½ — 2½ car lengths) as the other vehicles, that he saw no stop signal—either hand or mechanical—from the plaintiff's vehicle, that he did not have time to give any warning signal, that he did not turn to the left because of the oncoming traffic, that he did not turn to the right because he was just trying to stop his automobile, and that he applied his brakes and could have stopped within a distance of an additional foot or two. Although he testified that he had not seen the pickup truck, according to the testimony of those in the automobile with the plaintiff the truck was alongside the right-hand side of the road, preventing the defendant from turning to his right to avoid the collision. The investigating police made no charges against any of the three drivers involved. Concerning the evidence as to the plaintiff's alleged injuries, it showed that

although he was examined by seven doctors and a psychiatrist, he called none of them as his witness; that the testimony of two chiropractors called by the plaintiff showed that their diagnoses and treatments were conflicting, one of them having diagnosed and treated the trouble as having been caused by a calcium deficiency; that the testimony of the doctors who had seen the plaintiff, called as witnesses by the defendant, was to the effect that the symptoms found were variously voluntary, the result of aging, congenital and psychiatric; the psychiatrist testified that the plaintiff's problem was "a conversion reaction with typical features of a compensation neurosis," and that one of his motivating factors was the desire for financial gain or compensation.

The above evidence would have authorized a verdict for the defendant on either of two grounds, namely: that the defendant was confronted with an emergency situation and exercised ordinary care under the circumstances, or that the plaintiff failed to prove that his alleged injuries were caused by any negligence of the defendant. "Neither *Code Ann.* § 68-1641, prohibiting one motor vehicle from following another 'more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway,' nor *Code Ann.* § 68-1626, providing that 'In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care . . .' nor any other provision of law of which we are aware, places an absolute duty on any driver to avoid a collision. All the circumstances and conditions at the time and place including the conduct of other drivers, must be taken into account." *Flanigan v. Reville,* 107 Ga. App. 382 (2) (130 SE2d 258) and cit. The general grounds of the motion are without merit.

■ ■ Special grounds 1 through 3 assign error on three portions of the court's charge which, in substance, instructed the jury that both the plaintiff and the defendant were required by law to have been in the exercise of ordinary care at the time of the collision. Special ground 4 assigns error on the charge that if they found that the driver of the automobile in which the

plaintiff was riding was negligent in any manner, such negligence would not be imputable to the plaintiff unless he had some control over the operation of the automobile at the time and place.

The order of the court allowing the plaintiff's amendment to his original motion for a new trial states that the first four special grounds thereof were approved subject to the qualification that counsel for the plaintiff had orally and in the hearing of the jury requested the court to charge the jury that negligence on the part of the driver of the car in which the plaintiff was riding would not be imputable to the plaintiff unless the plaintiff had some control over the operation of the car at the said time and place, and that the court had given the charges complained of based upon this request. "A party can not obtain a reversal for an error which he has invited, as by a request to charge." *Horton v. State,* 120 Ga. 307 (47 SE 969); *Partee v. State,* 19 Ga. App. 752, 756 (92 SE 306); *Chatman v. State,* 6 Ga. App. 564 (65 SE 360); *New York Life Ins. Co. v. Tarbutton,* 45 Ga. App. 97, 100 (163 SE 229), and citations. Where a party in a request to charge takes the position at the trial that there was a certain issue to be submitted to the jury, he cannot justly complain in his motion for new trial that there was no such issue because the evidence was undisputedly to the contrary. *McWilliams v. Gillespie,* 106 Ga. App. 11 (126 SE2d 274). "By this action during the trial the plaintiff is estopped now to take the inconsistent position that the requested charges should not have been given as requested." *Globe Motors, Inc. v. Noonan,* 106 Ga. App. 486, 487 (127 SE2d 320). See also cases under *Code Ann.* § 70-207, catchword, "Estoppel." The plaintiff having requested the charge complained of in special ground 4, under the foregoing authorities he is estopped now to complain of that portion of the charge which he requested. Special ground 4 is accordingly without merit.

■ The charges complained of in special grounds 1, 2 and 3, however, go beyond not only the requested charge, but beyond the pleadings and evidence as well. The petition alleged that "no act of plaintiff caused or contributed to the said collision and injury." The pleadings raised no issue as to the plaintiff's contributory negligence and there was no evidence of such neg-

ligence. "[A]n issue must be made by both the pleading *and* the evidence, *Hardwick v. Georgia Power Co.,* 100 Ga. App. 38 (5) (110 SE2d 24), and it is error to charge on an issue made by the pleadings where there is no evidence in support thereof. *Western &c. R. Co. v. Branan,* 123 Ga. 692 (3) (51 SE 650); *Donald v. Fulton County,* 101 Ga. App. 198 (2) (112 SE2d 829); *Dennard v. Styles,* 101 Ga. App. 459 (4) (114 SE2d 317). Specifically, it is error to charge on contributory or comparative negligence when there is no evidence of such negligence. *Brooke v. Bowers,* 91 Ga. App. 543 (1) (86 SE2d 341); *Parks v. Fuller,* 100 Ga. App. 463, 467 (2) (111 SE2d 755); *Bentley v. Buice,* 102 Ga. App. 101, 105 (2) (115 SE2d 706); *Sellers v. White,* 104 Ga. App. 148 (1) (121 SE2d 385) and citations." *Beadles v. Bowen,* 106 Ga. App. 34, 36 (126 SE2d 254). Special grounds 1, 2 and 3 are therefore meritorious, and the court erred in overruling them.

■ Special grounds 5 through 7 assign error on three excerpts from the charge which instructed the jury, in substance, that before a recovery could be based upon the defendant's negligence, the negligence must have been the *direct* and *proximate cause* of the injuries. The plaintiff contends that these instructions eliminated from the jury's consideration the possibility that the defendant's negligence, if any, might have been a *concurring* or *contributory* cause of the alleged injuries, even if it was not the *sole* cause.

The plaintiff alleges in the petition that his injuries "were solely and proximately caused by the negligence of the defendant" and that "as the direct result of said collision and as the proximate consequence of the defendant's negligence specified herein, petitioner suffered . . . etc." The trial judge is not required to charge the jury on any issue unless it is raised by the pleadings and the evidence. *Hardwick v. Georgia Power Co.,* 100 Ga. App. 38, supra. The question whether the negligence of parties other than the defendant contributed to plaintiff's injuries was not raised by the pleadings *and* the evidence. Therefore it was not error for the court to fail to charge the jury that the defendant would be liable if his negligence combined with that of another or others to constitute one of the

proximate causes of the plaintiff's injuries without a request to so charge. Special grounds 5 through 7 were therefore properly overruled.

For the reason discussed in Division 2 (b), supra, the court erred in its judgment overruling the motion for a new trial as amended.

*Judgment reversed. Eberhardt and Russell, JJ., concur.*

ON REHEARING.

Plaintiff in error insists that the request to charge that the driver's negligence could not be imputed to plaintiff involved the question of the plaintiff's negligence and therefore was an invitation to give the other charges complained of. After further consideration we are still of the opinion that it can not reasonably be contended that the additional charges were invited by the request. The request did not involve actual and personal negligence of the plaintiff. It only involved imputed negligence, that which was legally chargeable to the plaintiff because of another's act and his relationship to the plaintiff. The additional charges were broader than the request and covered all kinds of negligence of which the plaintiff could be guilty when there was no evidence of any kind of negligence on the part of the plaintiff. The only instructions the request could be said to have invited would be an explanation to the jury of the meaning of imputed negligence.

*Judgment adhered to.*