41319, 41320. JACKS et al. v. LAMBERT; and vice versa.

JORDAN, Judge. Following the trial of an action for damages resulting from a rear-end collision, a verdict was rendered for the defendants. 'The testimony in the record is undisputed that the plaintiff, Mrs. M. R. Lambert, driving her husband's car, had stopped in obedience to a traffic light at an intersection, her car being the last in a line of three or four cars which had also stopped in front of her in obedience to said traffic light; that immediately after the light turned green, the traffic began to proceed through said intersection and Mrs. Lambert had put her car in first gear and was proceeding at approximately five to ten miles per hour, and had gone approximately five or ten feet, when her car was struck from the rear by the car driven by one of the defendants. The plaintiff, correctly taking the position that there was no evi-

dence in the record of any negligence on her part, filed a motion for new trial in which she excepted in special ground seven to the court's instruction: "If both sides are equally negligent, you cannot award damages," on the ground that this erroneously injected into the case the question of comparative or contributory negligence. The trial court granted a new trial on this ground. The defendants in the main bill of exceptions except to the grant of a new trial and the plaintiff in the cross bill assigns error on the overruling of the remaining grounds of the amended motion. *Held:*

■ The law is well established that where there is no evidence at all of any negligence on the part of the plaintiff, an instruction on this subject is error. *Brooke v. Bowers,* 91 Ga. App. 543 (86 SE2d 341); *Gleason v. Rhodes Center Pharmacy,* 94 Ga. App. 439 (1) (95 SE2d 293); *Jackson v. Camp & Brown Produce Co.,* 92 Ga. App. 359, 362 (3) (88 SE2d 540). "It is error to charge upon any issue which is not supported by evidence." *Investors Syndicate v. Thompson,* 172 Ga. 203 (2b) (158 SE 20). The trial court did not err in granting a new trial because of the error contained in this portion of the charge.

■ The court further instructed the jury: "All drivers of vehicles using the highways are held to the exercise of due care. A leading vehicle has no absolute legal position superior to that of one following. Each driver is required by law to exercise ordinary care in the situation in which he finds himself. The mere fact that one vehicle is struck in its rear, while another is not struck, is not in and of itself sufficient to fix liability on the driver of either vehicle." As contended in special ground 6 of the plaintiff's amended motion, this excerpt from the charge was not adjusted to the facts in this case since there was no evidence of any negligence on the part of the plaintiff, the driver of the leading vehicle. The criticized charge was thus irrelevant and immaterial to any issues in this case and should not have been submitted to the jury; however, since this case is to be tried again, it is unnecessary to decide if this constituted reversible error.

■ The remaining grounds of the amended motion for a new trial are without merit.

*Judgment affirmed on main and cross bill of exceptions. Felton, C. J., and Russell, J., concur.*

SUBMITTED MAY 5, 1965—DECIDED MAY 27, 1965.

*Matthews, Maddox, Walton & Smith, Oscar M. Smith, W. E. Davidson, Jr.,* for plaintiffs in error.

*Clower & Royal, E. J. Clower,* contra.