## 50172. HENDERSON v. THE STATE.

DEEN, Presiding Judge.

1. Defendant's counsel asked the arresting officer on cross examination: "He sounded like he was pretty drunk?" to which the witness replied: "Not too drunk. I mean, he was drinking quite a bit but I am sure he knew what he was doing." The objection that this answer was not responsive to the question was properly overruled. *Greeson v. State,* 97 Ga. App. 248 (2) (102 SE2d 506).

2. "The admission or rejection of evidence produced by leading questions is in the sound discretion of the trial judge and unless there is an abuse of that discretion, to the prejudice and injury of the complaining party, this court will not interfere." *Brown v. State,* 203 Ga. 218 (3) (46 SE2d 160). Where the indictment charged the defendant with burglary on February 19, 1974, an initial question on direct examination to an arresting officer: "Let me ask if you ever had occasion to respond on February 19, 1974, to a call of a silent burglar alarm while you were on duty" was properly allowed over the objection that it was leading. The fact that the owner was unsure as to whether the date was as stated or a month earlier goes only to his credibility, not to the admissibility of the testimony.

3. The defendant and two other persons were found on business premises apparently in the process of being burglarized, as the result of a "silent alarm" system which their presence activated. One of those apprehended, a juvenile, was used as a defense witness and on cross examination was asked: "Isn't it true that you told the police that you were with Foster and Henderson, and you had planned this burglary that day?" The witness answered: "I didn't tell them that." Two officers were later allowed to testify that the witness had in fact made such a statement to them at the time of arrest. The court did not err in allowing it for the limited purpose of impeachment, the jury being instructed that its truth or falsity was not otherwise to be considered. "A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case." Code § 38-1803, and see *Pistor v. State,* 219 Ga. 161 (2 b) (132 SE2d 183).

4. The officers found an alleged co-conspirator inside the building, the defendant in the weeds outside, the juvenile in a truck parked nearby, and about half of certain merchandise just inside and half just outside the building. The court charged at some length on conspiracy, stating that it may be established "not only by direct proof of an express agreement but also by circumstantial evidence"; that presence, companionship, and conduct before and after the commission of the offense may be considered; that acts and conduct which disclose a common design on the part of such persons to act together for the accomplishment of an unlawful purpose may be sufficient; that presence alone is not sufficient to prove guilt but if the defendant was found to be present as a co-conspirator, aiding and abetting the crime to be committed, the jury would be authorized to convict although the defendant himself had not entered into the building. The instructions were correct in substance and were authorized by the evidence. Cf. *Craft v. State,* 124 Ga. App. 57 (5) (183 SE2d 371).

5. The verdict was warranted by the evidence.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

SUBMITTED FEBRUARY 10, 1975 — DECIDED MARCH 5, 1975.

*Ray Gary, Robert E. Bach, Mary Brock Kerr,* for appellant.

*George W. Darden, District Attorney, P. Samuel Huff, Assistant District Attorney,* for appellee.