## 56467..LIBERTY LOAN CORPORATION OF GEORGIA v. A. P. S., INC.

WEBB, Judge.

Judgment was rendered for the landlord in this action for rent and other charges for certain premises which tenant Liberty Loan had leased. The tenant appeals, charging the trial court with error in admitting into evidence over objection (1) a copy of the lease which was secondary evidence with no showing having been made as to accessibility of the primary evidence, and (2) a ledger card as a business record for which the proper foundation had not been laid. We find no merit in these alleged errors, and affirm.

1. Appellee landlord alleged that appellant tenant executed on or about April 4, 1973 a written lease covering certain premises in the Mall West End. Appellant admitted that allegation. No other lease agreement is mentioned anywhere in the pleadings or in the record. Appellee alleged that appellant tenant had defaulted on the said lease agreement and became indebted to appellee landlord in a certain amount, and attached a copy of the lease agreement. Appellant tenant denied the allegations of that paragraph and demanded strict proof of the allegations and support of statements regarding default. There was no denial of the particular lease, and the contents of the writing were not in issue. The question at issue was whether the tenant was in default and indebted to the landlord. The landlord's witness testified that space at its shopping center was leased to appellant tenant, that the tenant occupied the space from July 1973 until December 15, 1976, that the tenant no longer occupied the space, that the rental under the lease was $6,000 annually for a term of five years, and that under the lease the tenant was assessed additional costs for common area maintenance, air conditioning, and

merchants' association dues. The testimony was more than sufficient in proof of the terms of the lease which the appellant tenant admitted having executed. Where otherwise there is sufficient evidence in proof of the fact to which secondary evidence relates, admission into evidence of secondary evidence generally will not constitute grounds for reversal. *Fletcher v. Young,* 10 Ga. App. 183 (2) (73 SE 38) (1911); *Smith v. Hornbuckle,* 140 Ga. App. 871, 880 (232 SE2d 149) (1977).

2. Landlord's manager testified the amount owed by the tenant to be $6,782.82 under the terms of the lease. Although in its answer tenant denied owing any amount of money, no evidence was introduced to rebut the testimony by landlord's manager. He identified the exhibit admitted into evidence to be the original ledger card kept in the regular course of business, that the entries thereon were made on a monthly basis, that the cards were maintained by himself and a bookkeeper whom he supervised, that the card contained the name of the tenant, the date of the lease, percentage rate charges and other information. Clearly proper foundation was laid for admission of the ledger card under Code Ann. § 38-711.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED SEPTEMBER 6, 1978 — DECIDED SEPTEMBER 25, 1978 — REHEARING DENIED OCTOBER 12, 1978.

*Jones & Clark, Lewis N. Jones,* for appellant.
*Parks, Jackson & Howell, Lenwood A. Jackson,* for appellee.