## 56887. KAMMAN v. SEABOLT et al.

SMITH, Judge.

Finding no merit in the numerous contentions of error dealing with the trial court's charge and the admission of testimony and other evidence, we affirm the judgment entered on a $40,000 jury verdict for appellee.

At 5 p.m. on Friday, July 2, 1976, appellant and Mr. Seabolt, each in his own vehicle, were proceeding south along I-75 within the city limits of what was Mountain View, Georgia. Both parties were in the left-hand lane, with Seabolt in front and one car separating them. Traffic was bumper-to-bumper. Appellant glanced over toward the traffic in the right-hand lane. In the meantime, the car directly in front of appellant switched to the right lane, and Seabolt slowed his vehicle because of traffic congestion in the left lane. According to appellant, it was because of his watching the right-lane traffic that he "did not see [Seabolt] stopping for traffic in time to avoid striking the rear of his vehicle." Seabolt and his wife, the appellees, brought this action for damages caused by the

rear-end collision.

1. Appellant complains of the trial court's failure to charge on the doctrine of comparative negligence. He observes that the court did charge on contributory negligence, and he argues that the evidence indicated Mr. Seabolt was negligent in driving slower than the traffic flow. However, appellant cites us to no portion of the evidence upholding his assertion of negligence on part of appellee Seabolt. Furthermore, the testimony to which appellant does refer shows no negligence on part of Seabolt. Without evidence in support of it, the charge on contributory negligence was erroneous, and, without evidence sustaining it, the requested charge on comparative negligence was unwarranted. *Parks v. Fuller,* 100 Ga. App. 463 (2) (111 SE2d 755) (1959); *Davis v. Laird,* 108 Ga. App. 729 (134 SE2d 467) (1963). *Crafton v. Livingston,* 114 Ga. App. 161 (2) (150 SE2d 371) (1966) and *Harris v. Hub Motor Co.,* 124 Ga. App. 490 (184 SE2d 199) (1971), cited by appellant, are thus clearly distinguishable. We find no merit in this enumeration of error.

2. Contrary to appellant's assertion, the trial court sufficiently charged that, to justify a finding of recovery for appellees, appellant must have been at fault. Also, the court adequately instructed that the jury, in considering the issue of appellant's negligence, should take into account all the relevant circumstances. Finally, we find meritless appellant's contentions that the court erred in failing properly to instruct on the standard of care applicable to appellant.

3. There is no merit in appellant's assertion the trial court erred in admitting into evidence certain "hospital and medical bills." "Upon the trial of any civil case involving injury or disease, the patient, or the member of his family or such other person responsible for the care of the patient, shall be a competent witness to identify doctor bills, hospital bills, ambulance service bills, drug bills and similar bills for expenses incurred in the treatment of the patient upon a showing by such witness that such bills were received from a licensed practicing physician, hospital, ambulance service, pharmacy, drug store, or supplier of therapeutic or orthopedic devices, and that

such expenses were incurred in connection with the treatment of the injury, disease or disability involved in the subject of litigation at trial." Ga. L. 1970, p. 225 (Code Ann. § 38-706.1). Contrary to appellant's assertion, that statute requires the "license" showing only upon a proffer of *physician* bills. (See *Reddix v. Chatham County Hosp. Auth.*, 134 Ga. App. 860 (3) (216 SE2d 680) (1975), which indicates there is not even a state requirement that hospitals acquire a "license.")

4. Appellant raised no objection to the trial court's instruction given during appellant's closing argument, and he cannot raise this objection for the first time on appeal.

5. Likewise, by failure to object at trial appellant waived his objection to a particular portion of a deposition read into evidence.

6. We find meritless appellant's contention that, because the deposition was taken for *discovery* purposes, the trial court erred in allowing a physician's deposition to be read into evidence. The court made the requisite finding of unavailability, and appellant stipulated at the beginning of the deposition that it was "being taken for the purpose of discovery and for all other purposes allowed by law." Ga. L. 1972, pp. 510, 521 (Code Ann. § 81A-132 (a) (3) (E)).

7. Appellant's contrary assertion notwithstanding, we find no abridgement of his right to cross examination in the court's allowing appellees' attorney to read into evidence, along with their own examination of the witness, those portions of proffered depositions consisting of the examination of the witness by appellant's attorney. Here, upon the finding of unavailability, the court properly permitted the introduction of all or any part of the witness' deposition "by any party for any purpose." Ga. L. 1972, pp. 510, 521 (Code Ann. § 81A-132 (a) (3)). Appellant does not contend appellees' attorney read the depositions in such a manner as to place prejudicial emphasis upon the testimony. Neither does appellant contend the testimony read was itself inadmissible.

8. We find no abuse of discretion in the trial court's sustaining objections to two questions propounded by appellant, which questions incorporated as fact that

which was not in evidence. "A question assuming a fact not proved or admitted is improper and should be excluded." 98 CJS 53, Witnesses, § 341 (c). *Henderson v. State,* 134 Ga. App. 166 (2) (213 SE2d 543) (1975); *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751 (23) (12 SE 18) (1890).

9. The trial court properly sustained appellees' objection to appellant's attorney questioning appellant as to whether he had done all he "could to avoid the accident." *Garmon v. Delta Air Lines,* 139 Ga. App. 152 (1) (227 SE2d 821) (1976). Cf. *Bentley v. Ayers,* 102 Ga. App. 733 (3) (117 SE2d 633) (1960).

10. Appellant attempted to impeach Mr. Seabolt through an assertedly contradictory statement made by Seabolt during a deposition. We find no harmful error in the trial court's allowing appellees' attorney to read out loud a part of the deposition immediately preceding the supposedly contradictory statement, in order to show the context in which the statement was made.

11. We find no harmful error in the trial court's overruling appellant's objection that a question posed by appellees was argumentative.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED NOVEMBER 14, 1978 — DECIDED FEBRUARY 26, 1979.

*Richard P. Schultz, N. Forrest Montet,* for appellant.
*Robert Carpenter, Albert B. Wallace,* for appellees.