57842, 57843. SPENCER v. DUPREE; and vice versa.

BIRDSONG, Judge.

The facts of this somewhat unusual and convoluted case disclose the following evolution. The appellant in the main appeal, Houston Spencer, in June, 1976, sold his

1972 Buick Electra to a used car wholesaler. At the time of the sale to the wholesaler, the odometer indicated a reading of 54,670 miles. Approximately a week before the sale, Spencer had had the car undergo its annual inspection. The inspection slip prepared by the inspector showed an odometer reading of 94,501. This slip was signed by Spencer. Additionally, under the hood of the car and upon an oil change-car service sticker attached to the car dated approximately eight months earlier in 1975, the mileage was shown to be 83,991. The used car wholesaler sold the car after two days to another used car dealer. At that time, the wholesaler prepared an odometer certificate showing the reading to be 54,705. Approximately a month later, the used car dealer sold the Electra to the appellee Dupree showing an odometer reading at that time of 54,915. Several months after the original sale from Spencer to the wholesaler, the wholesaler determined that the original odometer certificate from Spencer to it was missing from the file maintained on the vehicle. Spencer was presented with a second certificate for his signature showing the mileage as originally shown on the odometer certificate, to wit: 54,670. Spencer admitted that he signed the certificate not knowing the actual mileage but believed that the reading was substantially correct. Ms. Dupree brought suit against Spencer seeking triple damages or $1,500 whichever was greater, plus costs of litigation and attorney fees, as provided for in 15 United States Code §§ 1984 and 1988 (b). The trial court directed a verdict for Ms. Dupree as to a violation of the pertinent statute (1984) but denied the motion as to the question of intent to defraud. A jury returned a verdict for Ms. Dupree in the amount of $1,500 as damages. The trial court subsequently awarded Ms. Dupree $839.28 as costs of litigation and $1,200 as attorney fees, plus $150 as expenses for failing to file admissions in a timely fashion. Spencer brings this appeal enumerating ten alleged errors. Ms. Dupree brings a cross appeal complaining that the award of only $1,200 attorney fees was grossly inadequate. *Held:*

1. The issues presented by the two appeals arise out of a common record and are closely related; consequently,

we will treat the two appeals together.

2. 15 USC § 1988 provides generally that the seller (transferor) of a vehicle must give in writing to the purchaser (transferee) in connection with the transfer of ownership of a motor vehicle either a disclosure of the actual cumulative mileage registered on the odometer or that the actual mileage is unknown if the odometer reading is known to be different from the actual number of miles the vehicle has actually traveled. It is a violation of the section for the transferor to violate any rules under the section *or* to give a false statement to a transferee in making any disclosure required by the rules. The trial court concluded that there was no dispute that Spencer had violated a rule imposed by the statute by failing to state that the actual mileage was unknown to him, as he admitted, and reserved for the jury whether Spencer's statement that the odometer reading was 54,601 was deliberate and with intent to defraud

Under the facts presented, we have no hesitancy in concluding that the trial court was warranted in granting a partial directed verdict on the question of whether the statute had been violated. The practice of preparing an odometer statement simply on the basis of the odometer reading and then failing to disclose that the actual mileage is unknown demonstrates a reckless disregard for the basic purpose of the Act as well as its specific requirements. In light of Spencer's duty under the Act, it was proper for the trial court to conclude that an erroneous statement of actual mileage without'verifying the accuracy is such recklessness as to demand a conclusion that the statute had been violated. Kantorczyk v. New Stanton Auto Auction, 433 FSupp. 889, 893 (D. C. Pa. 1977); Duval v. Midwest Auto City, 425 FSupp. 1381 (D. C. Neb. 1977) (affd. 578 F2d 721). There being no disputed fact, the directed verdict as to the violation of the statute was correct. *State Farm &c. Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878). See *Nationwide Mut. Ins. Co. v. Ware,* 140 Ga. App. 660, 664 (231 SE2d 556). Enumeration No. 2 is without merit.

3. Spencer however further argues in Enumerations 1 and 9 that the directed verdict was in error because the court granted the motion prior to the conclusion of the

defendant's case. The facts show that Ms. Dupree's counsel elicited testimony from the wholesaler that Spencer had completed an odometer statement showing a reading of 54,601. Spencer admitted completing the statement and also admitted that he had not verified its accuracy but relied upon the statement of the wholesaler. However, the original of the statement was not produced nor introduced into evidence. After both sides had rested, the partial directed verdict had been granted, plaintiff (Ms. Dupree) had completed her opening argument, and defendant had commenced his, counsel for Spencer, when referring to the odometer statement signed by Spencer, realized that the document had not been introduced into evidence. He then sought to have the trial court reverse the earlier granted motion for directed verdict. Acting in its discretion, the trial court allowed counsel for Ms. Dupree to show that the original document signed by Spencer could not be found, though a signed second original apparently was available, and that the original could not be produced. Counsel for appellee then recalled the wholesaler and had that witness identify the document as the one signed by Spencer. The document was admitted and counsel for Spencer completed his closing argument. These actions taken by the trial court were all properly objected to by counsel for Spencer. Spencer enumerates as error the grant of the motion for directed verdict on the issue of violation of the statute and against Spencer's counterclaim before the plaintiff had rested her case or before all the evidence had been presented.

We disagree with the conclusion offered by appellant Spencer. The jury had at the least the substance of all the evidence necessary to reach a resolution of the issues before them. So also did the trial court. At most, the trial court simply allowed the record to be perfected so that the jurors and this court could see that which the witnesses had all fully discussed. The trial judge has a wide discretion in the handling of a trial, and we find no error in allowing the plaintiff to re-open its case after it had rested to produce affirming documentary evidence. This was not new evidence. The trial court did not allow the plaintiff to supply missing facts, thus its ruling was based upon

sound grounds. We find no manifest abuse of discretion in allowing the further evidence. *Mobley v. State,* 221 Ga. 716 (4) (146 SE2d 735); *Gotel v. State,* 137 Ga. App. 461 (224 SE2d 93). Under the facts of this case, the rule typified by the case of *Dalton Amer. Truck Stop v. ADBE Dist. Co.,* 146 Ga. App. 8 (1) (245 SE2d 346) has no application.

4. The same conclusion must be reached as to the secondary evidence objection lodged by Spencer against the admission of the odometer statement. Counsel for Ms. Dupree stated that while she had had the original of the document in her possession at one time, the document could not now be found. Counsel for Spencer likewise could not account for the document. It was *not* disputed that the photocopy was indeed a copy of the document in question. Under these circumstances, the trial court did not err in allowing into evidence the odometer statement signed by Spencer. *Liberty Loan Corp. v. A. P. S., Inc.,* 147 Ga. App. 492, 493 (1) (249 SE2d 308); *Smith v. Hornbuckle,* 140 Ga. App. 871, 880 (232 SE2d 149). Enumeration of error No. 3 has no merit.

5. In Enumerations of error 4, 5, and 6, Spencer complains that the trial court erred in awarding judgment in the amount of $1,500 as found by the jury as a penalty for furnishing an improper odometer statement; for awarding $1,200 attorney fees and $839.28 court costs; and for awarding $150 as attorney fees for failure timely to file admissions. Appellant does not dispute that the amounts are incorrect but that they are not warranted. The $1,500 penalty is that authorized by statute. The $1,200 attorney fees were awarded after a showing of expenses amounting to more than $3,600. The court costs are not disputed in any way. At best, Spencer argues that because of his complaint that the trial court should not have directed a verdict for a violation of the statute, the monetary verdicts all became tainted. We find this argument to be totally without merit. There was substantial support for each of the monetary awards, and each was called for by the underlying federal statute violated. These enumerations are without merit. *Williams v. Mathis,* 237 Ga. 305, 306 (227 SE2d 378). See Starks v. Orleans Motors, 372 FSupp. 928 (E. D. La.

1974).

Appellant Spencer argues that the $150 costs awarded for the untimely rendition of admissions was improper and contradictory because the trial court also denied a motion to make the requested admissions admitted facts. The trial court simply penalized Spencer for waiting over four months to respond to the request for admissions, which it had authority to do, but still allowed Spencer to supply the facts he wished to admit. We find nothing inconsistent in these rulings by the court. See CPA § 37 (c) (Code Ann. § 81A-137 (c)). We do not accept Spencer's argument that the trial court could not award a penalty without first compelling by order the filing of admissions followed by a failure to comply with the order. It is not necessary to compel admissions prior to the award of attorney fees. CPA § 37 (c) does not require a compelling order as to admissions. This is a logical consequence inasmuch as admissions are admitted 30 days after the request and without order of court. Spencer does not argue any other ground as to the award of attorney fees for the untimely filing of admissions.

6. Spencer argues that the trial court erred in allowing a deposition of an absent witness to be read into evidence where the witness was not under subpoena for the trial and where the deposition allegedly had been taken without proper notice. This enumeration is without merit. Spencer was given notice even if the opportunity to be present was not accepted. The admissibility of deposition testimony lies within the sound discretion of the court. *Watson v. Elberton-Elbert County Hosp. Authority,* 229 Ga. 26, 27 (189 SE2d 66). Further, it matters not that the deposition was taken primarily for discovery purposes. The trial court made the requisite finding of unavailability. It was not error to allow the witness' testimony by deposition. *Kamman v. Seabolt,* 149 Ga. App. 167, 169 (6,7) (253 SE2d 842).

7. We have read and considered appellant Spencer's Enumerations of error 8 and 10. Each is without substantial merit. It was not error for the trial court to deny the motion for directed verdict in favor of the appellant Spencer as to Ms. Dupree's cause of action. See *Cochran v. McCollum,* 233 Ga. 104, 105 (210 SE2d 13). See

also Delay v. Hearn Ford, 373 FSupp. 791, 796 (D. C. S. C. 1974). Nor was it error for the trial court to grant Ms. Dupree's motion for directed verdict as to Spencer's counterclaim. Spencer offered absolutely no evidence in support of his counterclaim.

8. As to Ms. Dupree's cross appeal, we find no merit to her contention that the trial court erred in awarding only $1,200 attorney fees in face of her claim for $3,666.25. While she offered documentation for a figure of this amount, the trial court was not required to accept the evaluation placed upon each action taken by Ms. Dupree's counsel nor to accept without question the number of hours "guestimated" to have been spent by her counsel or paralegals. The award was well within the range of the evidence and consistent with the award of attorney fees in similar cases. See Jones v. Fenton Ford, Inc. 427 FSupp. 1328 (D. C. Conn. 1977); GIMARC v. Neal, 417 FSupp. 129 (D. C. S. C. 1976); Starks v. Orleans Motors, 372 FSupp. 928 (E. D. La. 1974), supra.

*Judgments affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED MAY 19, 1979 — DECIDED JUNE 26, 1979.

*J. Don Jones,* for appellant.
*Bensonetta Tipton Lane,* for appellee.