## 63485. COCHRAN v. EVANS TOYOTA, INC.

BIRDSONG, Judge.

Odometer Fraud. In September 1979, one Jimmy Polk traded a 1978 Chevrolet van to Evans GMC. Polk furnished an odometer certificate to Evans GMC showing an odometer reading of 25,094 miles at the time of the trade. The certificate also indicated that the speedometer had been broken a few weeks prior to the trade. Evans GMC then sold the van to Evans Toyota. The odometer then indicated a mileage of 25,720. Evans GMC furnished an odometer certificate showing mileage of 25,720, but that it (Evans GMC) believed the odometer reading did not accurately reflect the actual mileage. Thereafter, Evans Toyota sold the van to the appellant Cochran. Evans Toyota furnished Cochran an odometer certificate without reservation that the odometer reading correctly reflected the mileage of the van to be 25,720. Cochran subsequently brought suit against Evans Toyota alleging a violation of the federal odometer statute, 15 United States Code §§ 1984 and 1988 (b) by fraudulently executing an odometer certificate that led Cochran to believe the actual mileage of the van was 25,720 when in fact Evans Toyota did not know and was on notice it could not know the actual mileage at the time of the last transfer. Cochran sought the statutory penalty authorized, i.e., $1,500. Subsequently, the prayer was amended to seek the alternative remedy, i.e., treble the actual damages, in this case allegedly amounting to $5,212.56. At a bench trial, Evans Toyota moved for a directed verdict. The trial court granted Evans Toyota directed verdict on the sole ground that Cochran had not established any damages. The court ruled that in the absence of proof of damages Cochran was not entitled to recover either treble actual damages or the $1,500 penalty. Cochran brings this appeal contending that the trial court erred in granting a directed verdict to Evans Toyota. *Held:*

As relevant to these proceedings, 15 USC § 1989 (a) (1) provides: "Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of three times the amount of actual damages sustained or $1,500, whichever is greater. . . ." In interpreting the meaning of this language, a federal district court has held: "The Statute prohibits violations of any requirement imposed under the subchapter upon sellers, with intent to defraud. The statute does not require that, additionally, a purchaser must be hurt. Nevertheless, if a purchaser is hurt, he or she may recover treble actual damages. If a purchaser is not hurt, he or she may obtain the alternative recovery of $1,500. The purchaser in this case was not actually hurt, so therefore, he has pursued his remedy in the

alternative. To construe the statute to require actual damage to the purchaser would effectively gut the statute of its alternative remedy." Delay v. Hearn Ford, 373 FSupp. 791, 796 (U.S.D.C., S.C., 1974). This interpretation of the statute in effect has been adopted by the Federal District Court for the Northern District of Georgia in Parker v. DeKalb Chrysler-Plymouth, 459 FSupp. 184, 187 (U.S.D.C., N.D. Ga., 1978) and by this court in the case of *Spencer v. Dupree,* 150 Ga. App. 474, 478 (5) (258 SE2d 229).

In this case the trial court did not determine the issues of whether Evans Toyota had fraudulently issued the odometer certificate to Cochran or even whether the odometer certificate contained incorrect information. The decision of the trial court was limited solely to the determination that 15 USC § 1989(a)(1) requires proof of some damage to authorize any recovery under either the treble damage alternative or the $1,500 penalty alternative. In this decision, we conclude the trial court erred. It is our belief that the Congress intended alternative avenues of recovery, one based upon actual damages but trebled and one avenue based solely on the occurrence of the violation with the recovery in the form of a punishing penalty placed upon the seller in the unchangeable amount of $1,500. See Ryan v. Edwards, 592 F2d 756, 760 (4th Cir. 1979).

We will reverse the judgment of the trial court and return the case for further consideration in light of the opinion of this court so that the trial court may determine questions of fraud, misstatement of fact, as well as the impact of the change in prayer as it might affect the recovery sought under the pleadings and evidence, so as to enter findings and conclusions thereon in light of the remedial nature of this federal statute. See Tcherepnin v. Knight, 389 U. S. 332, 336 (88 SC 548, 19 LE2d 564).

*Judgment reversed and case remanded with direction. McMurray, P. J., and Banke, J., concur.*

DECIDED APRIL 14, 1982.

*Carol D. Sweet,* for appellant.
*Carl H. Hodges,* for appellee.