A94A1272. MURPHY v. CONCRETE PLACEMENT SYSTEMS, INC. et al.

(450 SE2d 312)

RUFFIN, Judge.

Hattie Murphy, as widow, adminstratrix and personal representative of the estate of John Eddie Murphy, appeals from a jury verdict and judgment in favor of the defendants, Concrete Placement Systems, Inc. and S. A. Thenaud ("Thenaud"), a French corporation which manufactures a concrete conveyor unit. Murphy brought a wrongful death action seeking damages for negligent design, strict liability and negligent failure to warn of dangers attendant to the use of Thenaud's conveyor. Mr. Murphy was electrocuted while operating a concrete truck equipped with a Thenaud conveyor which hit a high voltage power line after Murphy raised the conveyor 30 feet in the air.

The complaint was filed on August 9, 1990, the period for discovery closed on September 12, 1992, and the parties filed a consolidated pre-trial order on September 25, 1992. On November 2, 1992, Mrs. Murphy filed a motion in limine to prohibit Thenaud's expert witness, David Brown, from testifying because he had not been identified until October 9, 1992 (after the close of discovery and the filing of the pre-trial order), contending the delay in the identification of Brown was greatly prejudicial. Thenaud responded that Mrs. Murphy did not name her own experts until four days prior to the close of discovery and had yet to make them available for deposition.

The motion in limine was denied, and on November 25, 1992, Brown was deposed. When questioned about whether he thought Thenaud should have installed an "insulating section" into the conveyor, Brown stated that in his opinion "this was not practical and it would not be reliable." Brown was then asked if he had an opinion "as to whether or not it would have been practical to insulate the control panel for the conveyor system on Murphy's truck," or "to utilize an insulated control panel on the truck Murphy was operating on the morning he was killed," and he responded that he had no opinion in that regard one way or the other.

The case was tried on August 23, 24 and 25, 1993. When Brown

was scheduled to testify, counsel for Mrs. Murphy made a second motion in limine to prohibit him from "springing" any opinions he might have developed since his deposition in regard to whether the "controls" of Thenaud's conveyor should have been insulated. The trial court denied the motion but advised Murphy's attorney that he could question Brown about any differences between his deposition and trial testimony, and Brown was in fact subjected to extensive cross-examination on this issue.

When asked at trial if he had an opinion as to whether or not the Thenaud conveyor was in any way defective or negligently designed, Brown replied that he was not aware of anything defective or unsafe about the equipment and that from the design of the conveyor he did not believe it was possible to electrically insulate the unit or the controls. He further testified that contrary to the testimony of Mrs. Murphy's expert engineers, he did not believe that if the levers or handles that controlled the conveyor unit had been insulated with fiberglass, it would have reliably prevented this or any similar accident where such a vast amount of electric voltage was involved.

On appeal the sole enumeration of error is that the trial court abused its discretion in allowing this testimony because Brown's opinions were not made available before trial or within a reasonable time prior to his testimony. Mrs. Murphy argues that OCGA § 9-11-26 (e) (2) (A) and (B) require a party to amend a discovery response which he knows was incorrect when given, or when he knows the response though correct when given is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment. See *Haugabrook v. Waco Fire &c. Ins. Co.*, 190 Ga. App. 815, 817 (2) (380 SE2d 347) (1989). We disagree.

At trial Brown testified that he both recalled and stood by his deposition answers. Specifically, he testified that the "control panel" was where all the gauges and dials were and that he "had never thought of anybody trying to insulate a control panel before." However, Brown was never asked during his deposition whether or not the levers or handles of the conveyor unit should have been insulated with fiberglass. Therefore, nothing stated in his deposition needed to be amended prior to trial. Nor can Mrs. Murphy legitimately claim surprise, and it was not error to allow Brown's testimony. See *Kamensky v. Stacey*, 134 Ga. App. 530 (1) (215 SE2d 294) (1975). Moreover, "discovery questions should be sufficiently specific to require specific responses, and in so responding the party to whom they are directed is required to go no further than is required in responding fully to the questions asked. [Cit.]" *Glennville Hatchery v. Thompson*, 164 Ga. App. 819, 825 (6) (298 SE2d 512) (1982). It has been repeatedly held that the appellate courts will not reverse a trial court's decision on discovery matters absent a clear abuse of discre-

tion. *Ambassador College v. Goetzke*, 244 Ga. 322, 323 (1) (260 SE2d 27) (1979); cert. denied, 444 U. S. 1079 (100 SC 1029, 62 LE2d 762) (1980). We find no such abuse here. Accord *City of Monroe v. Jordan*, 201 Ga. App. 332, 335 (4) (411 SE2d 511) (1991).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 21, 1994.

*Middleton & Mixson, Michael K. Mixson, Lynda W. Orr*, for appellant.

*Glass, McCullough, Sherrill & Harrold, Geoffrey H. Cederholm III, John A. Sherrill*, for appellees.