## A03A0849. GILL et al. v. SPIVEY et al.
(592 SE2d 132)

Mikell, Judge.

Three-month-old Stephanie Gill was admitted to the Medical Center of Central Georgia ("MCCG") on December 19, 1991, due to wheezing, vomiting, and an ear infection. She suffered a cardiorespiratory arrest the next day, requiring 45 minutes of resuscitation. The oxygen deprivation caused grievous neurological injuries. The child's mother, Elaine Gill, individually and as Stephanie's next friend, filed a negligence action in 1998 against her pediatrician, MCCG, and Patricia Spivey, the attending nurse on the date of the incident, alleging, inter alia, that Spivey failed to monitor Stephanie's deteriorating respiratory status. The defendant pediatrician settled on the first day of trial, and the jury returned a verdict in favor of Spivey and MCCG. Gill appeals from the order denying her motion for new trial. We affirm for the reasons set forth below.

1. Gill contends that the trial court erred in denying her motion for new trial based on newly discovered evidence. In order to obtain a new trial on this ground, the moving party must demonstrate:

> (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.[1]

The record reveals that during discovery, Gill requested that MCCG produce the nursing schedule for the dates Stephanie was hospitalized, in part to determine the identity and whereabouts of a student nurse who came on duty shortly before Stephanie arrested. MCCG replied that it had not retained the schedule. However, on October 13, 2001, while preparing for trial, MCCG's counsel discovered the document in his file, including the identity of the student nurse. MCCG asserted that it had unsuccessfully attempted to obtain contact information for the nurse through her mother. According to an affidavit from the mother, she supplied her daughter's correct telephone number in California to someone who had called "from or on behalf of" MCCG on October 15, 2001.

Defense counsel revealed his discovery to the court and opposing

---

[1] (Citation omitted.) *Leventhal v. Seiter*, 208 Ga. App. 158, 162 (2) (430 SE2d 378) (1993).

counsel at the pretrial conference, which was held on October 17. Later that day, defense counsel transmitted to opposing counsel, via facsimile, the student nurse's full name and Social Security number, as well as her mother's address and telephone number. Two days later, MCCG supplemented its discovery responses to reflect this information.

MCCG's lead counsel and general counsel each submitted affidavits averring that during the pretrial conference, the trial court offered Gill's counsel a continuance to locate the nurse, but counsel declined the offer. Trial began on October 22 and concluded on November 3. Gill's counsel first attempted to locate the student nurse during the week following the rendition of a defense verdict. Counsel was able to contact her, and she supplied numerous affidavits.

The trial court considered the nurse's testimony and opined in his order that it was not "so material that it would probably produce a different verdict." This ruling by the experienced trial judge, who presided at the lengthy trial, is entitled to deference. The grant or denial of a new trial on the ground of newly discovered evidence is not favored and is addressed to the trial court's sound discretion.[2] We cannot conclude from reviewing this record that the trial judge abused his discretion.

Gill's well-founded umbrage at MCCG's eleventh-hour production of information about the nurse, information which it may have had in its possession for several years, is a discovery dispute. Penalties for failure to provide discovery are provided by OCGA § 9-11-37. No matter how egregious MCCG's discovery abuse may have been, a court must analyze a motion for new trial on the ground of newly discovered evidence according to the criteria set out in OCGA § 5-5-23. The trial judge's finding on the issue of materiality is supported by the evidence and forecloses the possibility of appellate relief from the denial of a new trial based on Gill's failure to satisfy OCGA § 5-5-23.

2. In two enumerations of error, Gill asserts that the trial court should have excluded the testimony of two expert witnesses, physicians who had been summoned to testify on behalf of the dismissed pediatrician. The pediatrician had notified Gill on August 17, 2001, and September 13, 2001, respectively, of her intention to call these experts as witnesses, and Gill's counsel deposed them on September 28, 2001. At trial, counsel for the pediatrician announced that she had "withdrawn" these witnesses as part of her settlement with Gill. MCCG subpoenaed the experts, and they moved to quash the subpoenas. Gill joined the motion. In addition, Gill filed a motion to strike their testimony. The trial court noted that MCCG had listed these

---

[2] *Cantrell v. Red Wing Rollerway*, 184 Ga. App. 506, 507 (1) (361 SE2d 720) (1987).

experts as "may call" witnesses on the pretrial order and denied both the motion to strike and the motion to quash.

Gill complains that these experts were added to the defendants' witness lists after the discovery period expired. OCGA § 9-11-26 (b) (4) (A) (i) requires a party to identify during discovery each expert who will appear at trial.[3] However, at trial, Gill admitted that there were not any hard and fast rules with regard to the discovery period in this case. Moreover, the purpose of excluding testimony as a discovery sanction is to eliminate surprise.[4] Having deposed these witnesses, Gill cannot claim that she was surprised by their testimony.[5] It follows that the trial court did not err in denying Gill's motion to strike the physicians' testimony or in refusing to quash the subpoenas issued to them by MCCG.

3. Gill next contends that the trial court erred in allowing MCCG to introduce the deposition testimony of a third expert on the pediatrician's witness list. This expert resided out of state, rendering him "unavailable" within the meaning of OCGA § 9-11-32 (a) (3) (B). Gill's counsel had deposed this witness and had stipulated that the deposition was "taken for purposes of discovery under the applicable Rules of Procedure." Gill argued that the deposition was intended to be used for discovery only and should not be admitted at trial over her objection. "The admissibility of deposition testimony lies within the sound discretion of the court."[6] We find no abuse of discretion in the instant case. Although at first blush, the stipulation appears to limit the use of the deposition to discovery purposes, the stipulation goes on to say that "[a]ll objections . . . may be reserved until the time of trial or other use of this deposition." We interpret this language to mean that the parties contemplated the possible use of the deposition at trial.[7] Moreover, it matters not that the deposition was taken for discovery purposes.[8] OCGA § 9-11-32 (a) specifies when and under what circumstances a deposition which has been taken "for discovery" may nonetheless be used at trial. We do not decide today whether it is possible in Georgia to override the mandatory language of OCGA § 9-11-32 (a) (1), (2), and (3), or the discretionary language of subsection (a) (4), by the parties' express stipulation that a deposi-

---

[3] *Austin v. Kaufman*, 203 Ga. App. 704, 709 (7) (417 SE2d 660) (1992).

[4] *Kamensky v. Stacey*, 134 Ga. App. 530, 532 (1) (215 SE2d 294) (1975).

[5] *Murphy v. Concrete Placement Systems*, 215 Ga. App. 284, 285 (450 SE2d 312) (1994).

[6] *Spencer v. Dupree*, 150 Ga. App. 474, 479 (6) (258 SE2d 229) (1979), citing *Watson v. Elberton-Elbert County Hosp. Auth.*, 229 Ga. 26, 27 (189 SE2d 66) (1972).

[7] See *Kamman v. Seabolt*, 149 Ga. App. 167, 169 (6) (253 SE2d 842) (1979) (having made requisite finding of unavailability, trial court did not err in allowing physician's deposition to be read into evidence where appellant stipulated that deposition was "being taken for the purpose of discovery and for all other purposes allowed by law") (punctuation omitted).

[8] *Spencer*, supra.

tion is being taken *only* for discovery and will not, under any circumstances, be used at trial. Such was not the stipulation in the case at bar. It follows that the trial court did not abuse its discretion in allowing the challenged deposition testimony.[9]

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 25, 2003 —
RECONSIDERATION DENIED DECEMBER 16, 2003 —

*A. Russell Blank*, for appellants.
*Taylor, Odachowski & Sperry, Philip R. Taylor, Donna L. Crossland*, for appellees.