A05A0045. STEWART et al. v. ODUNUKWE.

(615 SE2d 223)

PHIPPS, Judge.

Sharon Stewart, individually and as administratrix of the estate of Louise Stewart, and Marilyn Mason sued Louise Stewart's surgeon for medical malpractice. Judgment was entered against them. They appeal, challenging the admission of certain testimony by a pathologist. Because the record does not show error, we affirm.

Louise Stewart was admitted to a hospital on March 17, 2000, complaining of abdominal pain. The same day, Chukwukadibia Odunukwe, M.D. performed a cholecystectomy on her. By March 20, Louise Stewart was in septic shock; and Odunukwe operated on her that day, sending tissue from her bowel to the hospital's pathology lab, where it was examined by Paul Drwiega, a pathologist. Within a day thereafter, Louise Stewart died.

In their lawsuit, Stewart and Mason alleged that Odunukwe had breached the standard of care while performing the cholecystectomy on Louise Stewart by "fail[ing] to recognize that he had perforated [her] bowel and/or trapped the bowel, causing it to die." They claimed that his breach resulted in the septic shock, which resulted in her death. Odunukwe denied perforating Louise Stewart's bowel or otherwise causing it to die. He further denied that Louise Stewart had died as a result of a perforated bowel. At trial, he called as a witness Drwiega, who testified that his examination of the tissue sent to the pathology lab revealed hemorrhagic necrosis of the small intestine, but no perforations. The jury found in favor of Odunukwe.

Stewart and Mason contend that the trial court erred in allowing the following testimony by Drwiega.

Q: Based on your experience and training, within a reasonable degree of medical probability, do you have an opinion as to what caused the condition of the small bowel. . . ?
A: There was a lack of blood flow to the small intestines, and this is what causes the bowel to die, and it dies typically in long segments. That's why we see three pieces, large seg-

ments, of dead bowel, and that's what happened with this poor patient.

Q: Do you have an opinion as to what caused the bowel to die?

Plaintiffs' counsel objected to this question on the ground that Drwiega had not been listed as an expert witness during discovery. Upon the trial court's overruling of the objection, Drwiega answered the question, "Yes. It was caused by lack of blood flow to the small intestine."

In reliance on OCGA § 9-11-26 (b) (4) (A) (i), Stewart and Mason contend that the trial court should not have allowed Drwiega to give this opinion, claiming that Odunukwe had failed to meet the statutory requirements with respect to Drwiega, that Drwiega's opinion surprised them, and that the trial court should have continued the trial.

OCGA § 9-11-26 (b) (4) (A) (i) provides,

> A party may, through interrogatories, require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

The purpose of identifying witnesses is to eliminate the possibility of surprise to each party.[1]

One of the plaintiffs' interrogatories asked Odunukwe to identify all persons whom he expected to call as expert witnesses. Odunukwe's response stated that he was "unaware of whom he will call as an expert witness at this time." Another interrogatory asked him to identify all persons having knowledge of relevant information, facts, or circumstances in this case. Odunukwe's list included Drwiega, as a physician with privileges at the hospital where the surgeries were performed.

There is no merit to Stewart and Mason's claim that Odunukwe failed to meet the requirements of OCGA § 9-11-26 (b) (4) (A) (i) by not naming Drwiega as an expert witness in responding to the interrogatory. That Code section applies "only to experts whose knowledge of the facts and opinions held were acquired or developed in anticipation of litigation or for trial, and not to an expert witness who is in fact an actor or observer of the subject matter of the suit."[2] Drwiega's

---

[1] See *Kamensky v. Stacey*, 134 Ga. App. 530, 532 (1) (215 SE2d 294) (1975).

[2] *Austin v. Kaufman*, 203 Ga. App. 704, 709 (7) (417 SE2d 660) (1992); see *McNabb v.*

knowledge and opinions arose from his own involvement in Louise Stewart's medical care, and therefore, he did not fall within the ambit of OCGA § 9-11-26 (b) (4) (A) (i).[3]

Furthermore, the record does not support Stewart and Mason's claim that they were surprised by the cited testimony. In response to an interrogatory, Odunukwe did identify Drwiega as a person with relevant information about this case, and their counsel deposed Drwiega. Having deposed this witness, they cannot claim surprise by his testimony.[4] Moreover, the contested trial testimony is virtually identical to Drwiega's deposition testimony. During the deposition, Drwiega made clear that he had no opinion regarding whether Odunukwe breached any standard of care. Rather, he testified about the surgical specimens submitted by Odunukwe. He testified that segments of the small intestine showed ischemic changes with apparent necrosis. According to Drwiega, this condition indicated that there had been an interruption in the blood supply to those segments and that the tissue was dying. Drwiega was specifically asked, "In your opinion, within a reasonable degree of medical certainty, did the surgery of the 17th have anything to do with the necrosed bowel which you reviewed on the 20th?" He answered, "it may have" because "surgery with general anesthesia is a risk factor for causing ischemia." Drwiega then added that that condition would not have been caused, however, by any perforation of the bowel. In addition, Drwiega testified that he found no perforations, tears, or holes in the small bowel segment that he reviewed.

Finally, although Stewart and Mason assert they were entitled to a continuance, they have not shown that they sought one; nor have they shown any basis for one.[5]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED MAY 23, 2005.

*Savage, Turner, Pinson & Karsman, Brent J. Savage, Ashleigh R. Madison,* for appellants.

---

*Landis,* 223 Ga. App. 894, 895 (2) (479 SE2d 194) (1996); *Candler Gen. Hosp. v. Joiner,* 180 Ga. App. 455, 457-459 (2) (349 SE2d 756) (1986).

[3] See *Austin,* supra; *McNabb,* supra; *Candler Gen. Hosp.,* supra.

[4] See *Gill v. Spivey,* 264 Ga. App. 723, 725 (2) (592 SE2d 132) (2003).

[5] *Kamensky,* supra (where the complaining party cannot legitimately claim surprise, it is not error to fail to invoke the sanction of postponement or barring the witness).

*Hall, Booth, Smith & Slover, Michael G. Frick, Norman D. Lovein*, for appellee.