## A05A1147. HUGHES v. REARICK.
(621 SE2d 850)

BARNES, Judge.

Diane Hughes sued Selina Rearick for injuries caused when she was involved in an automobile accident with Rearick. The jury

---

[41] Id. at n. 1.
[42] Id.
[43] *Theo*, supra.
[44] Supra.
[45] Supra.

awarded her $10,460, and following the trial court's entry of judgment, Hughes filed a motion for new trial asserting the general grounds. Her motion was denied, and she now appeals, asserting that the trial court erred in excluding the deposition testimony of her primary care physician. We discern no error, and affirm.

Before trial Rearick objected to the introduction of the primary care doctor's deposition. Rearick's counsel testified that when he arrived to take the doctor's deposition, Hughes had medical records from over ten years of prior treatment that had not been produced for Rearick, and were not available in the doctor's office during the deposition. He said that Hughes' counsel made his copy of the records available to him and the doctor during the deposition, but that it was clear he would not "be able to be totally prepared to take that deposition." At the deposition, Rearick's counsel stated that the deposition was "not being taken with any intent to introduce it as evidence at trial." Hughes' counsel disagreed and would not stipulate that the deposition would not be used at trial. Rearick's counsel responded that he would not proceed with the deposition "without having an opportunity to review [the doctor's] chart." Following an unrecorded discussion, the attorneys determined that, as certain records were not available for review before the deposition,

> we will proceed with the deposition today with the knowledge that it will be an incomplete deposition, and that the incomplete deposition will not be allowed to be used for any reasons in this case unless we end up recommencing and completing the deposition.

The attorneys also agreed the deposition would "not be used unless it is completed or we both indicate that we have no reason to reconvene," and "that either attorney will be entitled to complete the deposition if they choose so." At the conclusion of the doctor's deposition, the doctor noted that some of Hughes' medical charts were at the doctor's storage compound but that he would find them and provide them to Rearick. Rearick's counsel responded that "we will suspend this deposition until such time as [the chart has] been found and provided to us. I may or may not ask you any further questions." The deposition was never reconvened.

Hughes argued that before trial Rearick had sufficient time to reconvene the deposition if he had additional questions and chose not to do so. He said that he told Rearick on several occasions that he wanted to use the deposition and asked him if he planned to reconvene the deposition but never got a response. He admitted, however, that he was not sure if Rearick ever got the medical records that were

promised to him. He stated that the doctor "sent [the records] to me and never sent it to him."

In excluding the deposition the trial court held that,

> if he'd gotten the records, I'd agree with you. If he'd gotten the records and then just made no effort to reconvene it, I'd say, well you waived that right. But the problem is that the way it was, that he'd get a copy of the records, and then make a choice. And what I'm hearing is he never got the records. . . . [T]he problem is, you've got a condition there that the records be provided and they never were provided, either by plaintiff or by the doctor's office and maybe everybody thought the other person had done it, but I'm not hearing anything that those records were ever provided.

"The admissibility of deposition testimony lies within the sound discretion of the court." (Citation omitted.) *Spencer v. Dupree*, 150 Ga. App. 474, 479 (6) (258 SE2d 229) (1979). We find no abuse of discretion in the instant case. The agreement was that the deposition would be suspended "until such time as [the chart has] been found and provided to us. I may or may not ask you any further questions." It is undisputed that the records were never forwarded to Rearick.

Moreover, the record shows that Hughes' counsel did not object to the exclusion of the doctor's deposition. After the trial court ruled on the issue, the parties merely moved on to the next matters at hand. As we have previously held,

> a litigant cannot submit to a ruling, acquiesce in the ruling, and still complain of same. He is required to stand his ground and fight in order to successfully enumerate as error an erroneous ruling by the trial judge. Acquiescence completely deprives him of the right to complain further; he has agreed that the trial court's ruling was correct by submitting to it. Failure to object to the procedure amounts to waiver.

(Footnote omitted.) *Plaza Properties v. Prime Business Investments*, 240 Ga. App. 639, 640 (1) (524 SE2d 306) (1999).

Accordingly, the trial court did not err in excluding the deposition of Hughes' primary care physician.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED OCTOBER 6, 2005.

*Douglas R. Daum*, for appellant.
*Cowsert & Avery, William S. Cowsert*, for appellee.