**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY , JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 10, 2014**

# In the Court of Appeals of Georgia

A14A0563. WORKMAN et al. v. CRISCO et al.

MCFADDEN, Judge.

A jury found in favor of defendants Larry Van-Thomas Crisco, M. D. and Northside Cardiology, P. C., in a medical malpractice action brought by Harold and Patricia Workman, and the trial court entered judgment on the verdict. The Workmans appeal. They argue that the defendants did not comply with their obligation to notify the Workmans during discovery that an identified fact witness also would provide an expert opinion, and that, consquently, the trial court should have excluded the opinion testimony, postponed the trial to allow them to interview the witness, or declared a mistrial. The Georgia Civil Practice Act, however, did not require the defendants to identify the witness as an expert. Accordingly, we affirm.

In their lawsuit, the Workmans alleged that Mr. Workman was badly burned by exposure to a high dose of radiation during a cardiac catheterization and intervention procedure performed by Dr. Crisco on January 31, 2008, at Saint Joseph's Hospital of Atlanta, Inc. Dr. Crisco was in practice with Northside Cardiology. The record does not contain the Workmans' discovery requests to the defendants or the defendants' responses, but the parties appear to agree that, in their discovery responses, the defendants identified Dr. Richard Sankey as a fact witness but not an expert witness. Dr. Sankey was a physicist in Saint Joseph's Hospital's radiation oncology department and the hospital's radiation safety officer at the time of Mr. Workman's procedure.

In their consolidated pretrial order, both sets of parties listed Dr. Sankey as a "may call" witness. But at trial, at the start of the defendants' case in chief, the Workmans moved the trial court to exclude any testimony of Dr. Sankey's on the issue of the amount of radiation that Mr. Workman received during the procedure (the radiation dose). Their counsel represented that the prior evening he had learned that the defendants would be calling Dr. Sankey and that he assumed the defendants would use Dr. Sankey as an expert witness on the radiation dose issue. He argued that Dr. Sankey's opinion on that issue would be based in part upon hearsay data provided

2

by an outside company with which the hospital contracted to perform various tasks related to its radiation equipment. Invoking OCGA § 9-11-26, he argued that the defendants should not be allowed to elicit such an opinion from Dr. Sankey because they had not identified him as an expert witness. That Code section pertinently provides that, during discovery,

> [a] party may, through interrogatories, require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

OCGA § 9-11-26 (b) (4) (A) (i).

The defendants' counsel responded that the requirements of OCGA § 9-11-26 (b) (4) (A) (i) did not apply to Dr. Sankey's opinion on the radiation dose issue, because Dr. Sankey was a fact witness in the case. He argued that Dr. Sankey had been deposed as a fact witness in his role as the hospital's radiation safety officer, and that in that role he investigated Mr. Workman's burn by making calculations regarding Mr. Workman's radiation dose based on information he received from the

3

outside company. The defendants' counsel represented to the trial court that Dr. Sankey's testimony was "not going to be some expert opinion that is independent . . . of the work that he did in investigating this particular situation." The defendants' counsel also represented to the trial court, without contradiction from the Workmans' counsel, that during Dr. Sankey's deposition the Workmans' counsel questioned him about his radiation dose calculations. (Dr. Sankey's deposition transcript apparently was not made a part of the record.)

The trial court ruled that Dr. Sankey could "give expert opinions about what he was doing as a fact witness[,] . . . based on what he determined as a fact witness," even if those opinions were based on hearsay. See former OCGA § 24-9-67.1 (a) (permitting expert opinion based upon inadmissible facts or data). The trial court also found that the testimony was not a surprise to the Workmans. Dr. Sankey proceeded to testify about the work he performed to investigate the radiation dose received by Mr. Workman, the information he received from the outside company in connection therewith, and his opinion regarding the radiation dose, and the Workmans' counsel cross-examined Dr. Sankey on those issues.

We agree that OCGA § 9-11-26 (b) (4) (A) (i) did not require Dr. Crisco to identify Dr. Sankey as an expert witness. That Code section "applies only to experts

4

whose knowledge of the facts and opinions held were acquired or developed in anticipation of litigation or for trial, and not to an expert witness who is in fact an actor or observer of the subject matter in the suit." *Stewart v. Odunukwe*, 273 Ga. App. 380, 381 (615 SE2d 223) (2005) (citations and punctuation omitted). Dr. Sankey investigated the amount of radiation Mr. Workman received and reached an opinion on that issue in his capacity as the hospital's radiation safety officer. Consequently, he was an actor or observer of the subject matter in this suit and the requirements of OCGA § 9-11-26 (b) (4) (A) (i) did not apply to him. See *Stewart*, supra; *McNabb v. Landis*, 223 Ga. App. 894, 895 (2) (479 SE2d 194) (1996).

Moreover, "[t]he purpose of identifying witnesses is to eliminate the possibility of surprise to each party." *Stewart*, 273 Ga. App. at 381 (citation omitted). The record reflects that the Workmans questioned Dr. Sankey about the radiation dose issue in his deposition. Having done so, "they cannot claim surprise by his testimony." Id. at 382 (citation omitted). The trial court did not err in allowing the testimony. See id.; *Kamensky v. Stacey*, 134 Ga. App. 530, 532 (1) (215 SE2d 294) (1975).

*Judgment affirmed. Andrews, P. J. concurs; Ray, J., concurs in the judgment only with special concurrence.*

5

A14A0563.  WORKMAN, ET AL v. CRISCO, ET AL.

RAY, Judge, concurring specially.

I write to explain why I join in the majority's judgment in this case. Pretermitting whether Dr. Cisco was an expert witness or whether the Defendants were excused from identifying him as such in their response to the Plaintiffs' discovery requests, clearly they cannot claim any harm when the gist of his testimony was discovered through his deposition and when they had ample opportunity to cross-examine him on his opinions during the trial of this case.  Thus, I agree with the majority's decision to affirm the verdict and judgment below.